*Feb.* 23d.                 MARY DENTON *against* S. DENTON.

> Where a wife had filed a bill for *alimony*, &c. against her husband, and
> it appeared that he had abandoned her without any support, and threat-
> ened to leave the state, the court, on the petition of the wife, granted a
> writ of *ne exeat republica* against the husband.
>
> Pending a bill for a divorce by a wife against her husband, and before an-
> swer, the court will allow a monthly sum to the wife as *alimony*, and also
> a sum to be paid to her, by her husband, towards defraying the expenses
> of her suit.

THE *petition* of the plaintiff stated, that, in *January* last,
she filed her bill against the defendant, setting forth that she
was married to the defendant on the 25th of *October*, 1795, in
this state, and that they were then, and still are, citizens and
residents of this state.   That, on the 20th of *April*, 1814,
the defendant broke up housekeeping, though, for years be-
fore, his annual expenses for housekeeping were between

4 and 5,000 dollars. That the defendant abandoned the plaintiff without home or support, and had since treated her with great cruelty and persecution, and denied her all support : that she had no means of living : that the defendant was a man of large fortune, and threatened to leave the *United States.* And she prayed a writ of *ne exeat*, and a writ of *supplicavit*, to restrain the defendant from disturbing her retreat, and for security, and for money to prosecute the suit, and also for a weekly or monthly allowance. The bill for a divorce was filed, but no answer was yet put in.

The facts stated in the petition were supported by *affidavits*, from which it also appeared that the defendant was a man of fortune, and worth above 200,000 dollars.

*T. Sedgwick,* for the petitioner, cited 2 *Burns' Ecc. Law,* 432. *Gibson's Codex.* 445. 1 *Oughton Ordo Jud.* 306. 309. *Ambler,* 63. *Sid.* 118. 2 *Atk.* 210.

THE CHANCELLOR. The bill filed in this cause states matter properly cognizable in equity. It is as well for *alimony* as for other relief. The allowance of a *ne exeat,* when the husband threatens to leave the state, and his wife without any support, is essential to justice, and has been granted in like cases. (2 *Atk.* 210. *Amb.* 76. *Dickens,* 154.) From what was said in the case of *Mix* v. *Mix,*[*] as well as from the cases now cited, the rule appears to be, that the wife who is under the necessity of carrying on a suit against her husband, or of defending one against him, is entitled, as well to a reasonable allowance to be paid by the husband for the necessary expenses of the suit, as to an allowance for *alimony* pending the prosecution.

[*] *Ante,* p. 109.

I shall, accordingly, allow the *ne exeat,* and direct security under it to be taken, in the sum of 25,000 dollars, and shall, also, allow at the rate of 100 dollars per month, for *alimony,* and the further sum of 250 dollars, to be paid by the defendant to the plaintiff, or to the register, or assistant register, on her

behalf, towards defraying the necessary charges of the suit, on her part.