1831.

Wood
v.
Wood.

---

## Wood vs. Wood.

A feme covert cannot file a bill against her husband in her own name, except in the single case of a bill to obtain a divorce on the ground of adultery.

A bill to obtain a separation merely must be filed in the name of the next friend of the wife; and if it is not so filed, the defendant may demur.

No allowance for costs or alimony can be made to the wife, if it appears upon the face of her bill that it is improperly filed, and that she can obtain no decree thereon.

Where the wife has no separate estate, no decree can be made against her in favor of her husband for costs.

June 21st.

THE bill in this case was filed against the husband for a separation, on the alleged ground of cruel treatment. The defendant demurred to the bill on account of its having been exhibited by the wife in person, without a next friend, as required by the 163d rule of this court. This objection was urged in opposition to an application to the late vice chancellor of the first circuit for an allowance to the wife by way of alimony. He overruled the objection, and ordered the defendant to pay her one hundred dollars; and referred it to a master, to report what further sum he ought to advance towards the expenses of the suit, and to fix a weekly or monthly allowance, by way of alimony, pending the litigation. From this decision the husband appealed to the Chancellor.

*W. Silliman,* for the appellant. The complainant has filed her bill in this suit alone, and not by any person as her next friend, nor is any person made responsible for the costs which may be awarded to the defendant. This is a fatal objection to the bill; and the defendant may take advantage of it by demurrer. Cooper, in his treaties on equity pleading, page 163, says: "If a married woman exhibits a bill without

naming a next friend, and the incapacity appears on the face of the bill, the defendant must take advantage of it on demurrer."

The practice of this court, as it has existed for years, and is sanctioned by the 163d rule of this court, provides that "No bill shall be filed in the name of a feme covert to obtain a decree for a separation or limited divorce, unless the suit is prosecuted by some responsible person as the next friend of the complainant who shall be responsible for such costs as may be awarded by the court." A bill which is filed irregularly, and contrary to the plain law and practice of the court, cannot furnish a substantial foundation for any order.

The authorities above mentioned were cited on the argument before the vice chancellor. By the common law, if a wife improperly abandons her husband, and refuses to return to his house, he is not liable for her support. The defendant's affidavit, and that of a disinterested person shew that the complainant's absence is owing to her own fault, consequently she ought not to be allowed to absord the residue of her husband's slender means in the manner which she proposes, which will operate as a special premium for her abandonment of duty, and gross misconduct. There is no allegation in the bill that the children have been, or will be neglected or ill treated by their father, and the mother should not be enabled, through the intervention of this court, to compel him to support them in a manner too expensive for his means. If he refuses to support them, it is, (in this stage of the proceedings,) a subject proper for the attention of the overseers of the poor, rather than of this court. The vice chancellor's order sweeps away the entire means of the defendant, and then refers it to a master, to say how much more he shall give. The latter part of the order seems unnecessary, if not oppressive. The defendant is prohibited by the injunction, (which, at the argument, was admitted to be according to the prayer of the bill,) from disposing of any part of his estate, and yet the order requires him to pay one hundred dollars. He manifestly cannot do this without a breach of the injunction, and a contempt of the court.

The only serious question in the case is, how is the defendant to be paid his costs? From his wife he cannot obtain them. If a solicitor files a bill for a non-resident complainant without security for costs first given, he is personally responsible; although in such a case the defendant's costs might probably be obtained from the complainant. In this case it is impossible for the solicitor for the defendant to obtain costs from the complainant. He should therefore be entitled to recover them from the complainant's solicitor, upon the ground that the bill was filed irregularly, and against the express prohibition of the rules of the court.

*H. W. Warner*, for the respondent. The appeal is from that part of the order which gives the wife and her three infant children, (who have been more than one year without the least assistance from the husband and father,) the sum of $100 towards their necessary maintenance, and refers it to a master to inquire what further allowance ought to be made. Does such a case admit a question? The defendant's counsel rely on a supposed formal irregularity in the draft of the bill, inasmuch as it is not filed in the name of a next friend. 1. Suppose, then, the bill ought, in this respect, to be amended; is that a reason why the wife and children should be left to perish? Will the idea be entertained for a moment? 2. Again, the defendant has demurred to the bill for the cause above referred to respecting its form. Will the court countenance the present attempt to anticipate the argument of the demurrer? Will they not leave the party to try the question in the way he has selected for the purpose? But it has been decided that the pendency of a demurrer is no objection to an order for maintaining the wife in the mean time. Whenever the demurrer shall be heard, I shall submit, with great respect, that the bill is right, at least on demurrer; and that if any security for costs is demandable, a special motion is the proper means of obtaining it. 3. But the defendant's affidavits represents that the wife too has been to blame; that the husband never used violence upon her, till the month of April, 1830; and that his means are small, &c. As to the defendant's poverty, he admits a salary of

$300 a year; and we ask, in the first instance, $100 only, and after that, an inquiry. Can this be wrong? And as to the rest of the matters of the affidavit, they belong to the merits of the controversy, and are to be discussed on pleadings and proofs at the hearing. Meantime, however, the mother and her infant children must live.

THE CHANCELLOR. A feme covert has no right to file a bill against her husband without the interposition of a next friend, who will be answerable for the costs, in case the suit is instituted without any reasonable cause.(a) If the objection appears on the face of the bill, it is a good cause of demurrer; and the objection goes to the whole bill. (Willis' Eq. Pl. 5, n. s. Mitford, 153. Cooper, 163.) The statute has authorized her, in a suit for a divorce which is to dissolve the marriage contract, to institute the same in her own name. But by the revised statutes this power is only given under the article which relates to divorces on the grounds of adultery. (2 R. S. 144, art. 3, § 39.) This section, which authorizes the defendant to answer without oath, was never intended to apply to bills filed under the second or fourth articles. Nor was the 163rd rule intended to create any new disqualification, but merely to declare the existing law of the court; and to call the attention of the bar to the distinction which had been made by the revised statutes. As it appeared on the face of the proceedings that this bill was irregularly and improperly filed in the name of the wife alone, the defendant ought not to have been subjected either to costs or expense, until the irregularity was corrected by an amendment of the bill or otherwise. In the case of *Mix* v. *Mix*, (1 John. Ch. R. 108,) it was at least doubtful whether the demurrer could be sustained; and for that reason a small allowance was made for the wife until that question could be decided. Here the bill is filed not only against the settled law of the court, but in direct violation of one of its standing rules. It would therefore be unreasonable to compel the defendant to furnish the means of carrying on a suit which the court must see cannot be sustained.

(a) See Lube's Equity Pleading 25.

*Margin note: 1831. Wood v. Wood.*

The order of the vice chancellor must therefore be reversed; but without prejudice to the right of the complainant to renew the application, if her bill shall be amended by inserting the name of a responsible person as her next friend. There being no evidence that the wife has any separate estate, no costs can be awarded against her on this appeal. The appellant's counsel ask for costs, to be paid by the solicitor, but I know of no principle which can authorize an appellate court to charge the solicitor of the respondent with costs produced by the mistake of the judge whose decision is reversed.

