1832.

MONROY
v.
MONROY.

JULIA ANN MONROY, by a next friend, *vs.* OTHO MONROY and
MILLER,—and

OTHO MONROY *vs.* JULIA ANN MONROY.

---

Where a wife files a bill for a limited divorce, and the husband then files
one against her for an absolute divorce, on account of adultery, he can-
not stay the wife's suit in order to have his own first heard.

In such a situation of things, she is entitled to temporary alimony and
money to litigate.

Amount of alimony fixed upon by the court without a reference.

If matter in an answer be fairly responsive, whether material or immate-
rial, it is not impertinent.

If in answer to a divorce bill, a defendant (not the husband) inserts matter
tending to criminate the wife, or in palliation of the husband, it will be
deemed impertinent.

---

*September* 24,
1832.

*Practice.
Alimony.
Exceptions.
Pleading.*

THE first of these suits was by the wife against the husband
for a divorce *a mensa et thoro,* by reason of cruelty. The
charges in the bill laid a sufficient foundation for the bringing
of it; and the same was filed prior to the suit which was in-
stituted by the husband against the wife for a divorce *a vin-
culo matrimonii* on account of adultery.

A motion was now made, on the part of the husband, to stay
the wife's proceeding in the first suit until the cause for adul-
tery was at an end, and which adultery he alleged he could
prove. The charges were fully denied by the wife's affidavit;
and this denial was supported by the affidavit of one of the
persons with whom she was charged to have criminated her-
self.

There was also a cross motion for alimony and funds to pro-
secute, as well as for the custody of children.

Mr. *Hay S. Mackay,* appeared for the husband.

Mr. *George Wilson,* on the part of the wife.

THE VICE-CHANCELLOR. Under the circumstances, I cannot interfere to arrest the prosecution of the wife's suit. The husband is bound to show a preponderance in his favour upon the merits in the respective suits, in order to entitle him to the order he asks for; and this he has not yet done. I must deny the husband's motion, with costs.

As to the cross motion. Let the children remain where they are. With respect to the other branches of this motion, the present is a case in which, according to established practice, the wife is entitled to temporary relief. It is advisable, however, in this instance, on account of the humble situation of the parties, to avoid the expense of a reference upon the subject of the amount. I shall order an allowance of fifteen dollars a month to be paid to her by her husband, towards the support of herself and her infant daughter, unless the husband shall deem the amount beyond his circumstances and ability; in which case, upon its being suggested by his counsel, the order shall be to refer it to a master to inquire what will be a suitable allowance according to his situation in life and income.

As regards the advance towards defraying the expenses of the litigation, a reference is unnecessary. I shall, for the present, order the usual sum of $100, which is moderate, considering there are two suits.

----

The first of these causes came again before the court on cross exceptions to the master's report upon exceptions to the answer put in by the defendant, Miller. We give such parts of the opinion of the court as are of practical import.

THE VICE-CHANCELLOR. The defendant, Miller, is here made a defendant, upon the ground of his having colluded with the husband in order to cover property for the purpose of defrauding the complainant of her just rights to a support from her husband.

Miller has undertaken to answer as well those charges and allegations which relate to the conduct of the husband towards the wife, as those which relate to the supposed transactions

---

1832.

MONROY
v.
MONROY.

September 24, 1832.

between the husband and himself in relation to the property. I think the frame of the bill, strictly considered, required him to do so; although it might better have confined his answer to the latter subject. To the charge that the defendant, Monroy, is a German, of a very violent temper and ungovernable passion, and which has been the source of much cruel and inhuman treatment and suffering, the defendant, Miller, answers, that Monroy is a German, but he has no knowledge or information, except from the bill, of his being a person of violent temper and of an ungovernable passion, or that such a disposition has been the source of any cruel treatment or suffering, as is alleged in the bill; and he then adds: "this defendant "believes and alleges that the said Otho is in this respect like "the general class of other persons." This short sentence forms the subject of the first exception for impertinence; and which the master disallowed, deeming it "an unimportant "matter, presenting no point of any consequence in the de- "cision of the suit, and being in reply to an immaterial allega- "tion in the bill."

If it be fairly responsive, whether material or immaterial, the complainant has no right to object to it as impertinent. But I do not perceive how it is responsive. The defendant had already answered by stating his entire want of knowledge and information, except from the bill itself, of the facts charged in this allegation, and which was a sufficient answer on the subject. He then, in a distinct sentence, expresses a belief, and upon such belief founds an allegation, not that Monroy is or is not a man of violent temper and ungovernable passions, but (in respect to these,) that he is like the general class of other persons. This is certainly presenting a new and different question from the other; and the objection urged against it is, that it tends to a vague inquiry, which, from its nature, cannot be attended by any certain result and can be of no importance to the decision of the cause. If the allegation is suffered to stand, the defendant will be at liberty to go into evidence to prove it, and witnesses without number may be examined not only as to the disposition or natural temperament of this individual's mind, (which may be susceptible of direct

proof by the testimony of those most intimate with him or in the habit of observing him,) but also as to what is the temper or natural constitution of the minds of men in general, and how far the defendant, Monroy, compares in this particular with the rest of his species. This would be an inquiry rather too metaphysical and speculative for the present occasion; and I think the foundation for it ought not to be laid by retaining this part of the answer. I must, therefore, allow the complainant's exception to the master's report.

With respect to the second and third exceptions, I concur in the opinion of the master, that they are well taken. It certainly could not be necessary or proper for the defendant, Miller, in answering the charges of misconduct made by the wife against the husband, according to the best of his knowledge, information and belief, that he should assume the right of the husband in respect to the defence of the suit, make recriminatory charges against the wife, and endeavour to excuse the husband's conduct by such imputations as he casts upon her. It is enough for the husband to do this, without the voluntary aid of the defendant, Miller, who undertakes these accusations, not upon his own knowledge of facts, but merely from information. In no point of view is it necessary for his defence that he should do so or state any new matter by way of palliation for the husband, or show the immoral or criminal conduct of the wife. He has no concern with them. His defence is entirely distinct from that of the husband. He has answered separately and shown there was no ground for making him a party to the suit. If his answer is true, the bill will have to be dismissed as to him, with costs. All beyond, coming from this defendant, appears to me irrelevant to the cause made by the bill against him, and, therefore, impertinent.

The defendant's exceptions to the master's report must be overruled; and the complainant is entitled to her costs of the exceptions and of the reference and hearing.