## ELLEN F. WARD *vs.* JOHN A. WARD.
### April Term, 1873.

DIVORCE—ALIMONY PENDENTE LITE.—An application for alimony *pendente lite* cannot be entertained upon a petition which fails to show a sufficient cause for divorce.

DIVORCE—PETITION—An averment that the conduct of the defendant has been so cruel as to be no longer bearable is not sufficient.

ALIMONY—DELAY IN PROSECUTION.—Although the wife, who is applying for a divorce, may be entitled to alimony during the necessary law's delay, if the delay be occasioned by her, and not by the defendant, or the law, the application for alimony will not be entertained.

*A. S. Colyar*, for complainant.

*M. M. Brien, Jr.*, for defendant.

THE CHANCELLOR :—This is a bill for divorce from bed and board, and for alimony, filed on the 11th of September, 1873, and to which the defendant has appeared and answered. It comes before me upon a motion of the complainant for alimony pending the litigation. The parties have been married 29 years, and have seven living children. The ground upon which the divorce is sought, is cruel treatment, "so cruel," says the bill, "that his, defendant's, conduct is no longer bearable." The bill then undertakes to detail some of the conduct complained of. I have recently, in the case of *Mary A. Horne* v. *Ed. H. Horne*, called attention to the fact, that § 2452 of the Code, requires that the petition shall set forth particularly and specially the causes of divorce relied on, "with circumstances of time and place with reasonable certainty;" and that the supreme court have repeatedly held that the causes must be averred "in words fully equal to the words of the statute and definite in their meaning," that "if this is not done, the proof becomes irrelevant and useless, and no decree for divorce can be made," *Stewart* v. *Stewart*, 2 Swan, 591.

The causes of the divorce sought in this case, fall under the provisions of § 2449 of the Code, and must be :

1. "That the husband is guilty of such cruel and inhuman treatment toward his wife, as renders it unsafe and improper

for her to cohabit with him, and be under his dominion and control.''

2. '' That he has offered such indignities to her person as render her condition intolerable, and thereby forced her to withdraw.''

3. '' That he has abandoned her, or turned her out of doors, and refused or neglected to provide for her.''

The causes of divorce relied upon in this petition, are not averred in the words of this statute, or in words fully equal to those words. The averment is that the conduct of defendant has been '' so cruel '' as to be '' no longer bearable.'' But it is not averred, as required by the first subsection above, that it has been such '' as to render it unsafe and improper for her to cohabit with him, and be under his dominion and control.'' It may be '' unbearable '' to her according to her views of her rights, and yet not such as to render it '' unsafe and improper '' for her to cohabit with him. There is nothing in the bill to bring the case within either of the other two subsections.

It is obvious that a motion for alimony *pendente lite*, cannot be entertained upon a petition or bill which fails to show a sufficient cause for divorce. The application must, therefore, as the case now stands, be refused. 2 Paige, 454.

But it may be that the learned counsel for the complainant may think that the petitioner's case is sufficient to bring it within the first subsection quoted, and that he can amend the petition so as to meet the requirements of pleadings according to the construction put upon the law by the court. If so, I will give him leave to amend, and in case of amendment, he may renew the application for alimony.

It is proper to add, however, that unless some excuse is given for not bringing the case to a hearing, I should not be inclined, under the circumstances, to lend a favorable ear to such an application, if resisted by the defendant. Whenever the wife, who sues for divorce, makes out a good case for divorce in her bill, she is unquestionably entitled to alimony during the necessary *law's delay*. But if the delay is on her

part, not on the part of the defendant or the law, her application is not entitled to much favor.