# CHANCERY COURT

FOR THE

## SEVENTH CHANCERY DISTRICT

OF THE

## STATE OF TENNESSEE.

MARY ANN LISHEY *vs.* LEWIS C. LISHEY.

October Term, 1873.

DIVORCE—ALIMONY PENDENTE LITE—COUNSEL FEES.—The wife in a divorce suit, if she have no adequate means of her own, and, being complainant, if she show a *prima facie* case for relief, is entitled to have allowed her, out of the estate of her husband, alimony *pendente lite,* and the reasonable expenses of suit, including counsel fees, to be proportioned to the husband's property and income.

*John Trimble,* for complainant.

*N. S. Brown, E. H. East, Thos. H. Malone,* for defendant.

THE CHANCELLOR.—Bill filed April 4, 1873, for a divorce from bed and board, for alimony, and for the recovery of the separate estate of the complainant, alleged to be in possession of the husband. The case is before me now upon the application of the complainant for alimony *pendente lite,* and for an allowance to meet the expenses of litigation, including the reasonable counsel fees of complainant's counsel. No such allowance can be made unless the bill shows a *prima facie* case entitling the complainant to the relief sought.

*Ward* v. *Ward*, 1 Tenn. Ch. 262; *Wood* v. *Wood*, 2 Paige, 454; *Worden* v. *Worden*, 3 Edw. Ch. 408. The charges of this bill are "intolerable treatment," without specification of time, place, or circumstances, and adultery, with a person named, through a series of years. The first charge is clearly insufficient. *Horne* v. *Horne*, 1 Tenn. Ch. 259. The second charge is treated by the defendant himself as sufficient, by filing an answer, and, although it might not have sustained a demurrer, is, I think, sufficient under the circumstances. The bill does not use the word adultery, but states facts which necessarily imply the act, and names the person with whom the offence is alleged to have been committed.

The application is supported by the affidavit of complainant, " that she has not any money or cash means, now, for her support or maintenance, and to enable her to carry on this suit and pay the necessary expenses thereof, and that she is at present obtaining her bed and board by her own daily labor." The affidavit sets out in detail all the property of which she is possessed, stating that it is realty unimproved, and unproductive except a rent of $35.

The application is resisted on the ground that complainant should have got ready and tried her case at the present term, the defendant having been ready when the case was reached, and called the complainant out for want of appearance, although the case was subsequently, on sufficient cause shown, reinstated on the docket. It is true I consider it the duty of parties in divorce suits to prepare and try their cases at the first term, as they are entitled to do by law, the evidence being, contrary to the usual chancery rule, heard *viva voce*. It is also true that any application for alimony will be listened to with disfavor where this is not done, or good cause shown why it is not done. It is also true that in this case the counsel for the defendant, when the cause was called, did announce that they were ready for trial, and did call the complainant out for failing to appear. But this order of dismissal was subsequently set aside for good cause, and the suit reinstated; and, although the defendant's coun-

sel were present, they made no application for a trial, or that the complainant should show cause for a continuance. Had either application been made, it would certainly have been entertained. The court had a right to conclude that the defendant was not anxious for a trial, or, at least, was willing that it should be postponed for another term.

Under these circumstances, the only question for consideration is whether the complainant is entitled to what she now asks for. We have no direct decision on the point, but Judge McKinney, one of our most eminent judges, has thus expressed himself on the subject, in *Thompson* v. *Thompson*, 3 Head, 528 : " According to the course of decision in this state, in a divorce case brought by or against the wife, if she be not possessed of sufficient separate property or means of her own adequate to her support, and to defray the expenses of the suit, she is entitled, as against her husband, to alimony *pendente lite*, and also to such amount of money as shall be necessary to pay the reasonable expenses of the suit, including counsel fees. If this were not so, the wife destitute of means of her own would be denied justice. If, however, she has adequate means of her own, no such allowance will be made pending the suit. * * * This doctrine, he adds, is subject, however, to the qualification that the wife is prosecuting or defending the suit in good faith." Mr. Bishop, in his work on Marriage and Divorce, which is cited by Judge McKinney, shows that this is the law in England and the United States, and that it is of course, upon the proper case being made out, to make the necessary allowances. *Graves* v. *Graves*, 2 Paige, 62 ; *Jones* v. *Jones*, 2 Barb. Ch. 146. The usual mode is to make a reference to the master to ascertain the amount of allowance ; but the court may act without a reference. *Monroy* v. *Monroy*, 1 Edw. Ch. 382 ; *Denton* v. *Denton*, 1 Johns. Ch. 364 ; *Hammond* v. *Hammond*, Clarke Ch. 151.

It is obvious, however, that the allowance *pendente lite* should, in view of the uncertainty of the rights of the parties, and to prevent delay in pressing the case to a hearing,

be put at a low figure. Reasonable support, and enough to cover the expenses of litigation, is all that the wife can justly claim, and the amounts should also be proportioned to the husband's property and income. *Jones* v. *Jones,* 2 Barb. Ch. 148. In this case the husband is not shown to own more than a homestead, with a few acres attached cultivated as a nursery, the value of the whole property being estimated by the wife at $25,000, and by him at $15,000. Even if the highest valuation be taken as correct, it is probable that, while able to support his family in comfort at home, the husband's money income may be quite small. It does not appear what the income is. It does not probably exceed $1,000, or, at most, $1,200. At any rate, in the absence of evidence, an estimate of 6 per cent. net, upon the medium between the valuation of the complainant and defendant, may be considered as the nearest approximation to the truth which we can well make. Under these circumstances I have concluded to allow the complainant $30 a month for alimony, from the 4th of April, 1873, the date of the filing of her bill. To this I will add $40 for incidental expenses in the preparation of the case for hearing, and $100 for counsel fees—this last sum being, as we learn from Mr. Bishop, the usual allowance in this country. And see *Wright* v. *Wright,* 1 Edw. Ch. 62. These sums together, counting the allowance for alimony up to the next term of this court, and twelve months from the filing of the bill, will amount to $500. This allowance will be in full for one year from the filing of the bill. The defendant will be required to pay the money into court within twenty days; otherwise, execution may issue. See *Forrest* v. *Forrest,* 9 Abb. Pr. 289, for a review of the cases and principles on which the amount of alimony should be determined.