ISABELLA ROBINSON *vs.* JAMES A. ROBINSON.

PROVIDENCE—NOVEMBER 23, 1898.

PRESENT : Matteson, C. J., Tillinghast and Rogers, JJ.

(1)   *Writs of Ne Exeat.   Requisites of Application.*

An application for a writ of *ne exeat*, and an affidavit filed in support thereof, are insufficient if they do not state the facts on which the petitioner bases a belief that the respondent is about to depart from the State.

(2)   *Necessary Evidence.   Practice.*

The writ will not be granted except upon affidavit verifying the charges contained in the main petition, and containing allegations of facts and

circumstances satisfactorily evincing an intention of the respondent to depart from the State to avoid performance of the decree of the court on hearing, or of his threat or declaration of such intention.

PETITION FOR DIVORCE. Heard on motion to discharge a writ of *ne exeat* issued against the respondent.

(1) MATTESON, C. J. The only ground of the motion for the discharge of the writ of *ne exeat* heretofore issued on the application of the petitioner which we think can avail is that the writ was issued without sufficient allegations and proof. The application for the writ, which was sworn to, states that the petitioner has good reason to believe that the respondent is about to depart from the State, and will depart from the State before the time for hearing, for the purpose of avoiding any order that the court may make in the premises. It does not state the facts on which the belief of the petitioner is based, so that the court can judge of their sufficiency. We do not think that the application, which, having been sworn to, may be regarded as an affidavit, was sufficient to justify the issuing of the writ.

In *Yule* v. *Yule*, 10 N. J. Eq. 138 (2 Stockton Ch.), it was held that the affidavit should show that the defendant intends going abroad ; that it must be positive as to this point, or to his threats or declarations to that effect, or to facts evincing it or circumstances amounting to it ; that in some cases it would be sufficient if the intention of the defendant's going abroad is sworn to on information and belief, but the writ should not be issued in a doubtful case ; that the debt or, in a case between husband and wife, the duty should be certain.

In *McGee* v. *McGee*, 8 Ga. 295, it was held that if the threats of the husband to leave the State come to the wife's knowledge through the information of a third party, the affidavit of such person should, if practicable, be filed with hers ; but that if she swears absolutely that he has threatened to remove from the State, it will be sufficient. See *Denton* v. *Denton*, 1 Johns. Ch. 364 ; 16 Am. & Eng. Ency. L. 380, 381. Our opinion, therefore, is that the writ should be discharged.

(2)　　The practice which has prevailed in this State as to the issuing of writs of *ne exeat* has not been uniform, and has sometimes been too lax.　In some cases the affidavits which have been filed have been wanting in certainty and fullness, and in others writs have been issued even without any affidavit at all.　For the purpose of establishing a more correct practice the writ will not hereafter be granted except upon affidavit verifying the charges contained in the main petition, and containing allegations of facts or circumstances satisfactorily evincing an intention of the respondent to depart from the State to avoid performance of the decree of the court on hearing, or of his threat or declaration of such intention.

*James A. Williams*, for petitioner.
*Charles E. Gorman*, for respondent.