## VON SCHRŒDER v. BRITTAN.

(Circuit Court, N. D. California. March 27, 1899.)

### No. 12,540.

JURISDICTION OF FEDERAL COURTS—AMOUNT IN DISPUTE.

The relief sought by a bill was the tearing down and rebuilding of a wall on defendant's lot, alleged to encroach upon complainant's building on the adjoining lot by reason of being out of plumb, and the recovery of damages for injury caused thereby to complainant's building. The evidence taken on an issue joined on a plea to the jurisdiction of the court showed that the removal and rebuilding of defendant's wall would cost

not less than $900, and complainant laid the damages for injury to his building at $2,700. *Held* that, in the absence of evidence showing such claim to be colorable or fictitious, the matter in dispute exceeded $2,000.

On Motion to Dismiss for Want of Jurisdiction.

A. H. Ricketts, for complainant.

Wm. Leviston, Heller & Powers, and L. S. B. Sawyer, for respondent.

MORROW, Circuit Judge. This is an action to abate a nuisance, and to recover damages in the sum of $10,000 for the injury occasioned by the unlawful acts of the respondent. The complainant is an alien, and a subject of the emperor of Germany. The respondent is a citizen of the state of California. Complainant alleges that the eastern brick wall of respondent's building, upon the premises adjoining his own in the city of San Francisco, leans over and encroaches upon the complainant's land in such a way as to make the wall of a brick building, owned by the complainant and standing upon his land, out of plumb, dangerous, and out of repair. The complainant alleges that he acquired the property mentioned herein on November 30, 1897. This action was brought on December 17, 1897. The prayer of the bill of complaint is that the respondent may be compelled by the decree of the court to remove the encroaching wall from the property of the complainant, to put the property of the complainant in good and sufficient repair, and to make satisfaction to complainant for all damages done to his property by reason of the nuisance charged in the complaint, and that respondent may be restrained by the order and injunction of the court from maintaining the encroaching wall. The respondent interposed a plea to the jurisdiction of this court, by which plea a dismissal of the action was sought, upon the ground that the matter did not involve the jurisdictional amount of $2,000, exclusive of interest and costs. With this plea the complainant took issue by replication, and testimony was taken to determine the truthfulness of the plea.

The jurisdiction of the circuit court extends to controversies between citizens of a state and foreign states, citizens, or subjects, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000. Act Aug. 13, 1888 (25 Stat. 433). Section 5 of the act of March 3, 1875 (18 Stat. 470), provides:

"That if in any suit commenced in a circuit court or removed from a state court to a circuit court of ti ɔ United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, * * * the said circuit court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require," etc.

The plea to the jurisdiction raises the question whether this suit really and substantially involves a dispute or controversy to an amount exceeding, exclusive of interest and costs, the sum or value of $2,000. In Hilton v. Dickinson, 108 U. S. 165, 2 Sup. Ct. 424, the supreme court said:

"It is undoubtedly true that, until it is in some way shown by the record that the sum demanded is not the matter in dispute, that sum will govern in all questions of jurisdiction. But it is equally true that, when it is shown that the sum demanded is not the real matter in dispute, the sum shown, and not the sum demanded, will prevail."

Has the defendant shown, by the testimony taken upon the plea, that the sum demanded is not the real matter in dispute? From that testimony it appears that the complainant's claim is as follows: (1) For the abatement of the nuisance—that is, the demolition of respondent's east wall—the cost is estimated at $200, and the rebuilding of the same wall and placing it in good order is variously estimated at from $700 to $900 if made of the old material, and at from $1,300 to $1,406 if rebuilt of new material; hence the estimate of the total expense or damage under this head varies between $900 and $1,100 if the wall is demolished and rebuilt with the old material, and between $1,500 and $1,606 if the wall is rebuilt with new material. Whether the wall shall be demolished and rebuilt is one of the matters in dispute. (2) In the matter of repairs for damage done to his own property, the complainant claims to the amount of $2,752. This may be excessive, but it is a matter in dispute between them, and the evidence does not show that the claim is merely colorable or fictitious. Hence it appears that the expense that may be incurred in demolishing the respondent's wall, rebuilding it, and placing it in good condition, and in repairing complainant's own damaged property, is variously estimated at from $4,252 to $4,358. In addition, complainant claims damages for injury actually done to his property during the continuance of the nuisance charged in the complaint. From this testimony it satisfactorily appears to the court that the suit really and substantially involves a dispute or controversy in an amount properly within the jurisdiction of the court.

The plea will therefore be overruled, and the motion to dismiss the bill denied.