(111 App. Div. 543)

## SCHMALHOLZ v. SCHMALHOLZ.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

1. DIVORCE—ALIMONY PENDENTE LITE.

Where a wife obtained a judgment of separation awarding her alimony, in a subsequent action by her for absolute divorce the court had no authority to grant her alimony pendente lite.

2. SAME—COUNSEL FEES.

Where a wife obtained a judgment in an action for a separation awarding her alimony, in a subsequent action by her against the husband for an absolute divorce she might be allowed a counsel fee.

Appeal from Special Term, New York County.

Action by Edward B. Schmalholz against Margaret B. Schmalholz. From an order granting alimony and counsel fee, complainant appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Max Schleimer, for appellant.

Benno Loewy, for respondent.

INGRAHAM, J. Prior to the commencement of this action, in an action in which this defendant was plaintiff, a judgment of separation was obtained awarding her alimony of $120 per month. That judgment remains unreversed and unmodified. Subsequent to the entry of that judgment this action was commenced to obtain an absolute divorce from the defendant upon the ground of adultery. She denied the charge, and interposed a counterclaim demanding an absolute divorce from the plaintiff. Whereupon a motion was made at the Special Term asking that alimony be awarded her during the pendency of the action, and for counsel fee to enable her to defend this action and to prosecute her counterclaim. The court below granted alimony at the rate of $200 per month, inclusive of alimony awarded in the separation action and counsel fee of $1,000.

I do not think the court had in this action the power to award the plaintiff alimony. By the judgment in the separation action the obligation of the defendant therein for the support of his wife was fixed at the sum of $120 per month. This was the limit of the liability of the husband for the support of his wife while that judgment remained in force; and the wife would have no claim upon the husband for support, except as there provided.

While it may be true that the court had power to modify that judgment, an application for that purpose must be made in the action in which it was entered. The defendant here, having denied the allegations against her and set up a counterclaim charging the plaintiff with adultery and asking a judgment of divorce, she should be awarded a reasonable sum to enable her to meet this charge. The counsel fee awarded her was, however, excessive.

The order appealed from should be modified by striking out the provision as to alimony, and by reducing the counsel fee to $500; and as thus modified affirmed, without costs of this appeal. All concur.