WADE v. WADE.

(Supreme Court, Appellate Division, First Department.　April 20, 1916.)

DIVORCE ☞201, 225—TEMPORARY ALIMONY—DEFENSES.

　　Temporary alimony and counsel fees in a separation suit may not be denied on the pleadings and submitted affidavits, because the affidavits show lack of jurisdiction under Code Civ. Proc. § 1763, subd. 3, as to required residence of parties in such suit.

　　[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 591, 592, 647–650; Dec. Dig. ☞201, 225.]

Appeal from Special Term, New York County.

Action by Jeannette H. Wade against William Ogden Wade. From an order denying motion for alimony and counsel fees, plaintiff appeals. Reversed and remanded.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

James E. Duross, of New York City, for appellant.
Henry Willard Bean, of New York City, for respondent.

PER CURIAM. This action is brought for a separation. The court at Special Term denied the plaintiff's application for alimony and counsel fees pendente lite on the ground that the court had no jurisdiction of the action. The application was decided on the pleadings and the affidavits submitted by both parties. These papers raised an issue as to the residence of the parties, upon which depended jurisdiction under section 1763, subd. 3, of the Code of Civil Procedure. This important and vital question should not be determined upon affidavits, but rather at the trial. It has been held by this court that disputed questions of jurisdiction in cases of this kind should not be determined merely upon affidavits, but should be reserved for the trial. Barber v. Barber, 137 App. Div. 665, 122 N. Y. Supp. 452.

The order appealed from is reversed, with $10 costs and disbursements, and the motion is granted, with $10 costs, and remitted to the Special Term to fix the amount of alimony and counsel fee.