MICHAEL KRAMER, Respondent, *v.* SOLON L. FRANK, Appellant.

(Supreme Court, Appellate Term, First Department, November, 1916.)

Jurisdiction — when Municipal Court of city of New York ousted of — Municipal Court Code, § 6.

Under section 6 of the Municipal Court Code the jurisdiction of the Municipal Court of the city of New York in actions to recover possession of chattels is limited to actions in which the aggregate value of the chattels does not exceed $1,000, and upon proof that the chattels were of the value of at least $1,200 the court is ousted of jurisdiction and cannot by fixing a lesser amount in the judgment re-establish its jurisdiction.

APPEAL by defendant from judgment of the Municipal Court, of the city of New York, borough of Manhattan, second district, entered in favor of the plaintiff.

Elfers & Abberley (Lester S. Abberley, of counsel), for appellant.

Hilly & Geoghan (Arthur J. W. Hilly, of counsel), for respondent.

Guy, J. Plaintiff sued in replevin to recover possession of two diamond earrings of the alleged value of $1,000. On the trial plaintiff testified that the earrings were in all probability of the value of the invoice price, $1,500, and that their reasonable value was at least $1,200. At the close of plaintiff's case defendant moved to dismiss the complaint on the ground that the court had been ousted of jurisdiction by the conclusive proof of value given by plaintiff as being in excess of $1,000 namely, at least $1,200. This motion was denied with an exception to the defendant. Defendant then called certain witnesses, but no evidence was introduced on behalf of the defendant in contradiction of the valuation placed by plaintiff upon the property, namely, at least $1,200. Defendant then renewed the motion to dismiss the complaint, which was denied with an exception, and subsequently the court rendered judgment in favor of the plaintiff, fixing the value of the chattels at $1,000. In the published decision the learned court states: " I take it, however, that the plaintiff can waive any part of his claim that he wishes. He may, for the purpose of conferring jurisdiction upon the court, place a certain value upon the chattels and sue to recover that value in the event that the possession of the chattels could not be returned to him. It is not the intrinsic value of the chattels which confers jurisdiction upon the court, but the value which the plaintiff sets forth in his summons and which he is willing to accept if the recovery of the chattels cannot be had." In so construing the statute the learned court erred. The main purpose of

the action is to recover the chattels, and the jurisdiction of the court is limited by section 6 of the Municipal Court Code to actions in which "the aggregate value of the chattels does not exceed one thousand dollars," thus making the jurisdiction dependent upon " aggregate value " instead of the value " stated in the affidavit " as provided by section 6, subdivision 9, of the former Municipal Court Act. The Code clearly distinguishes between the classes of actions in which money damages alone are recoverable where the jurisdiction of the Municipal Court is dependent upon " the sum claimed to be due," and actions to recover possession of property. Under the latter form of actions it is clear that plaintiff cannot waive any part of the value and that no part of the property can be returned to him under the judgment, defendant retaining the remainder of the property; and if alleged value, rather than actual aggregate value, were to determine the jurisdiction, a plaintiff might recover possession of property worth many times $1,000 in the event that defendant was unable to pay the alternative damage fixed by the judgment. The proof in the case at bar is conclusive that the value of the chattels was in excess of the amount by which the jurisdiction of the court is limited. The court could not by fixing a lesser amount in the judgment re-establish its jurisdiction.

The uncontradicted proof having established the value in excess of the jurisdiction of the court, by that very fact the court became at once ousted of jurisdiction, and the motion to dismiss the complaint should have been granted.

Judgment reversed, with thirty dollars costs, and complaint dismissed, with costs.

BIJUR and SHEARN, JJ., concur.

Judgment reversed, with costs.