————— GOODOVITCH, Appellant, *v.* ————— REISS, Respondent.

Supreme Court, Appellate Term, Second Department, January, 1927.

**Municipal Court of city of New York — jurisdiction — replevin — plaintiff claimed vehicle, because of use, was not worth more than $1,000 — actual value determines jurisdiction — court erroneously determined jurisdiction on affidavit — plaintiff was entitled to cross-examine expert upon whose affidavit court vacated writ.**

An order made without taking proof, which vacated a writ of replevin and dismissed plaintiff's complaint, on the ground that the court had no jurisdiction of the action, the subject of which was an automobile which plaintiff claimed, because of use, was not worth more than $1,000, must be reversed, for, under the present practice of the Municipal Court of the city of New York, under subdivision 2 of section 6 of the Municipal Court Code, the actual value and not the claimed value of the chattel determines that court's jurisdiction. It was error for the court to determine its jurisdiction upon an affidavit of an expert as to the value of the automobile without taking proof, for plaintiff was entitled to cross-examine the expert.

APPEAL by plaintiff from an order granting defendant's motion to vacate a writ of replevin and dismiss the complaint, on the ground that the court had no jurisdiction of the action.

PER CURIAM. Order unanimously reversed upon the law, with ten dollars costs to appellant, and motion denied. Plaintiff appeals from an order granting a motion to vacate a writ of replevin and dismiss the complaint, made by the defendant, upon the ground that the court had not jurisdiction of the action because it involved a chattel worth more than $1,000.

The motion was brought on by an order to show cause, supported by affidavits asserting that the automobile which was the subject of the action was worth more than $1,000. In reply, the plaintiff asserted that, because of use, the automobile was not worth more than $1,000. The motion was made subsequent to an appearance and answer by defendant. Without taking proof, the justice determined that the value of the automobile was in excess of $1,000, and granted the motion to vacate the writ of replevin and dismiss the complaint.

Under the former practice in the Municipal Court, jurisdiction in replevin was acquired if the affidavit of the plaintiff claimed the value of the chattel to be an amount within the court's jurisdiction. (*Dennis* v. *Crittenden,* 42 N. Y. 542.) Under the present practice in the Municipal Court, the actual value, and not the claimed value of the chattel, determined the court's jurisdiction. (Mun. Court Code [Laws of 1915, chap. 279], § 6, subd. 2; *Klamkin* v. *Holland,* App. Term, 2d Dept. March, 1924; *Kramer* v. *Frank,* 97 Misc. 365.)

Courts generally refuse to determine whether they have jurisdiction of the subject-matter of an action on affidavits. (*Wade* v. *Wade,* 173 App. Div. 928; *Barber* v. *Barber,* 137 id. 665; *Purdum* v. *Neil,* 10 Ida. 263; *Von Schroeder* v. *Brittan,* [C. C.] 93 Fed. 9; *Sackett* v. *Kellogg,* 2 Cush. [56 Mass.] 88, 91.) Rule 108 of the Rules of Civil Practice also indicates that where, in the Supreme Court, there is a dispute as to any matter sought to be asserted to defeat an action prior to trial on the merits, the dispute should be settled by taking evidence, either by the court or a referee, or before a jury.

The court should have taken proof in this case. The opinion of an expert, even though uncontradicted, is not controlling. (*Brooklyn Heights R. R. Co.* v. *Brooklyn City R. R. Co.,* 124 App. Div. 896, 902; *Head* v. *Hargrave,* 105 U. S. 45.) The plaintiff was entitled to cross-examine the expert who made the affidavit for defendant, to ascertain his knowledge of the condition of the automobile.

Present — CROPSEY, MACCRATE and LEWIS, JJ.