MARY CHARLOTTE MORRISON, Respondent, *v.* JOHN MORRISON, Appellant.

First Department, May 29, 1931.

*John B. Doyle,* for the appellant.

*R. Randolph Hicks* of counsel [*Robert W. Lewis, Jr.,* with him on the brief; *Satterlee & Canfield,* attorneys], for the respondent.

SHERMAN, J. Defendant moved for an order dismissing the complaint herein under rule 107, subdivision 4, of the Rules of Civil Practice, on the ground that there is another action pending between the parties for the same cause as that alleged in the complaint. This action is for absolute divorce. Another suit had been brought in the Chancery Court in Florida by defendant wherein

he sought a divorce from plaintiff. In that action a decree was entered in favor of the husband on June 8, 1927, awarding to him a divorce because the wife had been " guilty of habitual indulgence in violent and ungovernable temper." That decree was assailed by the wife (the present plaintiff) as void upon the charge that the complainant therein had not been a resident of Florida for more than two years before the institution of the suit, and also because the attempted service of. process by publication was irregular and void. In February, 1929, that divorce decree was set aside because of irregular service of process. The wife then appeared and answered the amended complaint putting in issue its allegations, and cross-claimed for a divorce on the ground of the husband's alleged adultery in Florida with the woman who is mentioned in the complaint herein as living with the defendant in adultery within this State previous to and at the time when the present action was instituted in October, 1930.

The learned Special Term, finding that the residence of these parties was in dispute and being unwilling to accept the finding of the Florida court as contained in the decree opening the default judgment, referred the question of residence to a referee to take testimony and report thereon, and also stayed until the coming in of that report the prosecution of the pending Florida action and of this action as well.

The defendant has appealed from that order. We hold that the motion made by defendant at Special Term for a dismissal of the complaint herein should have been denied. The pendency of the counterclaim in the action in Florida is no bar to the maintenance of the present suit. (*Oneida County Bank* v. *Bonney*, 101 N. Y. 173; *Curlette* v. *Olds*, 110 App. Div. 596.) In determining that motion no occasion arose for the appointment of a referee or for staying the parties to these actions.

The order appealed from should be reversed, without costs, and defendant's motion to dismiss the complaint denied, with ten dollars costs.

FINCH, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Order so far as appealed from reversed, without costs, and motion to dismiss complaint denied, with ten dollars costs.