BERTHA ANNE SMART, Plaintiff, *v* JOHN R. SMART, Defendant.

Supreme Court, Erie County, September 14, 1931.

*Herbert T. Silverberg* for the motion.

*Merwin, Paul, Lesswing & Hickman* [*Wortley B. Paul* of counsel], opposed.

LARKIN, J.   The two motions have been heard together.   Defendant asks that the plaintiff's motion be denied, and that her action be stayed upon the following grounds:   (1) That plaintiff is not a resident of the State of New York within the meaning of section 1162 of the Civil Practice Act, and, therefore, not entitled to maintain this action; (2) that the award of temporary alimony and counsel fee in the Illinois action is a bar to similar relief in this case; (3) that the Illinois action having been first begun, the defendant is entitled to a stay of this action until its final determination.

While it is true that the jurisdiction of the court is denied because of plaintiff's non-residence, nevertheless this is a question which must be determined upon the trial.   It is the usual practice to refuse to determine, in advance of the trial, on affidavits, whether or not the court has jurisdiction of the subject-matter.   (*Goodovitch* v. *Reiss*, 129 Misc. 152, 153.)   This rule is especially applicable to such a motion in actions of this character.   (*Wade* v. *Wade*, 173 App. Div. 928; *Barber* v. *Barber*, 137 id. 665.)

Nor is there any force in the defendant's suggestion that the domicile of the wife follows that of her husband, and that, he being a resident of Illinois, she must be deemed a resident of that State, provided her allegation is true that the defendant abandoned

her at a time when the matrimonial domicile was in the State of New York. (*Haddock* v. *Haddock*, 201 U. S. 562.)

The fact that an allowance has been made for alimony *pendente lite* and counsel fee in the Illinois action is not a bar to this application. Such an order is not a final decree or judgment, within the meaning of the Federal Constitution (Art. 4, § 1). It is a mere temporary order in the action, and, therefore, does not have the binding force and effect of a judgment. The rule is not the same as in *Schmalholz* v. *Schmalholz* (111 App. Div. 543), where the moving party had obtained a final judgment in a prior separation action. Even in that case an allowance was made for counsel fee in the subsequent action. This rule is in accord with the decisions in *Monroy* v. *Monroy* (1 Edw. Ch. 382); *McDonough* v. *McDonough* (26 How. Pr. 193), and *Miller* v. *Miller* (43 id. 125). It must be borne in mind that in the Illinois action, in which the present plaintiff is defendant, she is not seeking any affirmative relief. She there puts in issue the jurisdiction of that court. As far as this motion is concerned, it does not even appear that she could there obtain the relief which she is here seeking. This court cannot take judicial notice of the Illinois statutes.

However, on the merits of the application, the allowance made by the Illinois court for the support of the plaintiff in this action seems ample. Practically all of the children of the marriage are more than twenty-one years of age. Apparently the sum fixed in Illinois is being paid by the defendant to the plaintiff. As long as that continues she is not entitled to any further allowance. On the question of counsel fee and expenses in maintaining this action, I think an allowance of $250 should be made.

Nor should the defendant's motion for a stay be granted. (*Morrison* v. *Morrison*, 232 App. Div. 519; *Monroy* v. *Monroy*, *supra*.) · The plaintiff's position, in the instant case, is even stronger than that of the plaintiff in *Morrison* v. *Morrison* (*supra*). In that case the relief sought by the defendant in the Florida action was identical with that sought by her in the action in New York county. Furthermore, it appeared that by the laws of Florida she could obtain that relief in the action there. No such showing is made here. Moreover, the present plaintiff is not seeking, in the Illinois courts, any relief whatsoever from her husband. She merely asks a dismissal of the complaint. The decision in *Morrison* v. *Morrison* (*supra*) is in accord with *Sworoski* v. *Sworoski* (75 N. H. 1; 70 Atl. 119); *Drake* v. *Drake* (76 N. H. 32; 78 Atl. 1071), and *Cook* v. *Cook* (159 N. C. 46; 74 S. E. 639). The courts of this State, although the prior action is not a bar, may exercise their discretion in restraining a suit which is clearly vexatious, or where but to

grant it would result in an unseemly race between two courts. No circumstances are present which would indicate that the present action falls in that class. In *Nichols* v. *Nichols* (12 Hun, 428) and *Kittle* v. *Kittle* (8 Daly, 72) a stay was granted because the circumstances clearly presented a case of vexatious litigation.

For the foregoing reasons the plaintiff's motion for temporary alimony is denied, and an allowance made to her of $250 for counsel fee and expenses, and defendant's motion for a stay is denied.