DORIS KELLY, complainant-appellee,

*v.*

JOSEPH J. KELLY, defendant-appellant.

[Submitted October 20th, 1936. Decided February 10th, 1937.]

*Mr. Stephen P. Piga,* for the complainant-appellee.

*Mr. Jacob Friedland (Mr. Benjamin Freedman,* of counsel), for the defendant-appellant.

The opinion of the court was delivered by

RAFFERTY, J.

The question for determination, counsel for both parties agree, is, may an order for alimony *pendente lite,* entered in a divorce suit which is still pending in the supreme court of the State of New York, be enforced in the court of chancery of New Jersey by the wife against her husband as to the amount of past due alimony.

The learned advisory master advised a decree in favor of the wife for the sum of $843, the full amount due upon the foreign order for alimony *pendente lite.* The New York court, it should be noted, had theretofore made an order adjudging the husband in contempt for failure to pay the amount of $315 due under the identical order. The husband appeals.

A careful investigation discloses that the law of the State of New York on the question is not wholly clear. We find no decision of an appellate court clearly and definitely holding that accrued temporary alimony may be modified. We find one case in the trial court holding to the contrary, *McPartland* v. *McPartland (1932), 146 Misc. 672; 261 N. Y. Supp. 844.* But the cases cited in support of the conclusion concern permanent alimony orders. The case of *Harris* v. *Harris, 259 N. Y. 334,* was decided on the theory that past due sums as alimony have become vested property rights and, in the instant case, this seems to have been the theory upon which the court below rested its conclusion. But in the *Harris Case* the alimony under consideration was permanent alimony.

The court of appeals of New York, in *Livingston* v. *Livingston, 173 N. Y. 377,* held that the right to recover accrued installments of permanent alimony was a vested right of property and could not be extinguished or reduced even by the legislature. This reasoning cannot well be disputed because permanent alimony may be, and usually is, reduced to final judgment or decree; see *VanNess* v. *Ransom (1915), 215 N. Y. 557.* But an award of temporary alimony must be viewed in a quite different aspect. An award of temporary alimony creates a mere personal right limited in its enforceability to the proceeding pending which it was granted. *In re Hudes' Estate, 128 Misc. Rep. 362; 219 N. Y. Supp. 435.* All proceedings to compel the payment of temporary alimony are limited to the action in which the order for alimony was granted. *In re Thrall, 12 App. Div. 235; affirmed, 153 N. Y. 644; Pachter* v. *Pachter, 130 Misc. Rep. 769; 225 N. Y. Supp. 56.*

The appellate division of New York, in the case of *Doncourt* v. *Doncourt (N. Y., 1935), 245 App. Div. 91, 281,*

held that unpaid permanent alimony under a final decree is in the nature of a judgment debt which may be docketed as a judgment. Civil Practice act, section 504; *Thayer* v. *Thayer, 145 App. Div. 268.* The court, in that case also stated: "Different principles apply to unpaid installments of temporary alimony. *Jacobson* v. *Jacobson, 85 Misc. 253; affirmed, 168 App. Div. 900; McCormack* v. *McCormack, 241 App. Div. 762; Gallagher* v. *Gallagher, 245 App. Div. 711; Straus* v. *Straus, 67 Hun. 491.* The reason for the distinction is said to be that authority to award temporary alimony (Civil Practice act, section 1169) and the means for its enforcement (Civil Practice act, sections 1171, 1171-a and 1172) rest exclusively upon statutory provisions which are not to be extended by implication. *Beadleston* v. *Beadleston, 103 N. Y. 402.* Since the statute which creates the right also provides for relief by contempt and sequestration, these will be deemed to be remedies, and the only remedies by which it is enforceable."

Thus it would appear that temporary alimony awarded in the State of New York may not be reduced to final judgment under the Practice act of that state.

In *McCormack* v. *McCormack, supra,* we find the statement, "judgment may not be entered and docketed for unpaid temporary alimony." See, also, *Jacobson Case, supra.*

That an award, therefore, granting alimony *pendente lite* creates a vested property right under the law of New York is open to grave question, particularly when it is considered that such order and any arrears which may have accrued under it both abate with the termination of the action whether it be by dismissal, discontinuance or affirmative judgment, and whether it be in favor of the wife or the husband. See *Wood* v. *Wood (N. Y., 1872), 7 Lans. 204; In re Thrall, supra; Pachter* v. *Pachter, supra.* It would, therefore, seem that a right to such abatement or extinguishment being available to the husband, the temporary alimony due does not constitute a vested right in the wife but a limited personal right whose preservation is justified and may be guarded by the court making the award during the life of the parties in the

action. Upon the granting of a final judgment in a matrimonial case, in which no provision is made for the arrears and temporary alimony, the same are deemed extinguished. *Lubow* v. *Lubow* (*1922*), *195 N. Y. Supp. 31.*

Is such an order for temporary alimony enforceable in a forum other than that which granted the award? The advisory master considered the case of *Smart* v. *Smart* (*1931*), *142 Misc. Rep. 121; 253 N. Y. Supp. 92,* and concluded that its doctrine was not in point and that so much of that decision which was in point was mere *dictum*. But as we understand that case it seems authority for the proposition that there is no duty or compulsion upon a foreign court to enforce a decree of another jurisdiction granting temporary alimony. The opinion reads, "Such an order is not a final decree or judgment within the meaning of the federal constitution, article 4, section 1. It is a mere temporary order in the action and therefore does not have the binding force and effect of a judgment. The rule is not the same as in *Schmalholz* v. *Schmalholz, 111 App. Div. 543; 98 N. Y. Supp. 510,* where the moving party had obtained a final judgment in a prior separation action."

The New York appellate division in the case of *Smith* v. *Smith, 291 N. Y. Supp. 635,* decided November 30th, 1936, held that in an action on a foreign alimony decree the defendant was entitled to set up the defense that the New Jersey decree was not unalterable but subject to revision in the discretion of the New Jersey court and hence that decree was not final and could not be accorded full faith and credit.

The learned advisory master was concerned about the power of the New York court to modify its order awarding temporary alimony. This is quite understandable since he was not able to find any case bearing directly on the point. We have likewise been unsuccessful in that direction. But it does seem to be settled from the cases cited above, that in the State of New York accrued temporary alimony is liable to extinguishment by the termination of the action, and, it may logically be argued that that which may be extinguished may be modified and if this be so there is no obligation upon the

courts of this state to award final judgment and execution for an amount fixed by an order when such order may be perhaps modified or extinguished entirely.

To conclude, if the prerequisite judgment may not be entered in the New York courts which granted the award of temporary alimony, that award may not be enforced in another forum. Further, if temporary alimony may not form the basis for an independent action in New York and if proceedings for the collection of any arrears of temporary alimony must be brought in the action in which the order was granted and is not otherwise enforceable, it would seem illogical to permit temporary alimony to form the basis of an independent action in a foreign jurisdiction.

We are of the opinion therefore that the complainant wife's action for judgment here on an order awarding temporary alimony issued out of the courts of New York should be denied on the ground that the order or decree of the New York court sought to be enforced in this state is not a final judgment for an absolute debt since the husband's liability under the order is neither inflexible nor unalterable but subject to modification or annulment.

The decree is reversed.

*For affirmance*—TRENCHARD, J. 1.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 12.