ANTOINETTE ZATARGA, Plaintiff, *v.* ADAM E. ZATARGA, Defendant.

Supreme Court, Special Term, Queens County, October 18, 1949.

*Leiman & Trace* for defendant appearing specially.

*Alfred J. Loew* for plaintiff.

DALY, J. In an action for a separation brought by the wife against her husband and to set aside a separation agreement entered into by the parties on April 27, 1942, the defendant, appearing specially, moves for an order to vacate and set aside the service of the summons and complaint on the ground that the court has no jurisdiction of the person of the defendant inasmuch as he is domiciled in the State of Minnesota where process was served personally upon him.

It has been held that the important and vital question of jurisdiction should not be decided on affidavits (*Wade* v. *Wade,* 173 App. Div. 928; *Smart* v. *Smart,* 142 Misc. 121; see, also, *David* v. *David,* 21 N. Y. S. 2d 468, affd. 259 App. Div. 905).

Under these circumstances, the motion must, accordingly, be denied, with leave to the defendant to serve an answer to the complaint, in which he may preserve his rights by iterating the jurisdictional objection (*Muslusky* v. *Lehigh Valley Coal Co.,* 225 N. Y. 584, 587). By thus defending on the merits he will not waive the right to contest the jurisdictional question upon proof

as it may be developed at the trial (*Matter of Finsilver, Still & Moss, Inc.,* v. *Goldberg, Maas & Co.,* 253 N. Y. 382, 391). It may be pointed out, that if it be found that this court has jurisdiction in rem, a separation judgment may be granted, and if the defendant is found to be a resident of this State, in personam relief may likewise be granted. See section 235 of the Civil Practice Act as amended by chapter 185 of the Laws of 1949. (*Milliken* v. *Meyer,* 311 U. S. 457, 462–463; Fifteenth Annual Report of N. Y. Judicial Council, 1949, pp. 60, 62).

Settle order on notice.