■

KAY DASPIN, Respondent, v. EDWARD I. DASPIN, Appellant.— Order of Special Term granting plaintiff's motion for temporary alimony and counsel fee and directing a reference therein, unanimously modified to the extent of eliminating the reference directed on the ground that it is not necessary. Whether residence in this State is a jurisdictional requirement need not now be decided. In any event, the issue may be, and more properly should be determined upon the trial (*Wade* v. *Wade,* 173 App. Div. 928). On the issue of financial status the reasons for denying a reference are stated in detail in the opinion of *Bleiman* v. *Bleiman* (272 App. Div. 760). The provisions contained in the order of Special Term directing the payment of temporary alimony, the payment of rent and household utilities pending the reference are directed to continue pending the determination upon the trial. Counsel fee, for which no provision was made in the order of Special Term, is for the time being fixed at the sum of $1,000 payable within ten days after the action is noticed for trial, and the balance, if any, of counsel fee is left to be determined by the trial court. The provisions herein made are conditioned upon the action being noticed for trial at the next term of court. As so modified the order is affirmed, without costs. Settle order on notice. Present — Peck, P. J., Dore, Callahan, Breitel and Bastow, JJ.

■

LUCILLE ABRUZZI, Respondent, v. LOUIS J. AGNESE, Individually and as Administrator of the Estate of ELSIE AGNESE, Deceased, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Peck, P. J., Dore, Callahan, Breitel and Bastow, JJ.

■

LUCILLE ABRUZZI, Respondent, v. LOUIS J. AGNESE, Individually and as Administrator of the Estate of ELSIE AGNESE, Deceased, Appellant.— Order unanimously reversed and the motion granted to the extent of directing that the examination of plaintiff shall continue concerning the matters set forth in the order of April 9, 1953, granting defendant's motion to examine the plaintiff. Upon such continued examination, plaintiff shall produce pursuant to section 296 of the Civil Practice Act, all records of her transactions for the period from July 12, 1945, to July 20, 1951, as a depositor with Manufacturers' Trust Company. The matter covered by the examination is appropriate under the pleadings herein. Settle order on notice. Present — Peck, P. J., Dore, Callahan, Breitel and Bastow, JJ.

■

CARRIE MARCHESE et al., Respondents, v. LOUIS J. AGNESE, Individually and as Administrator of the Estate of ELSIE AGNESE, Deceased, Appellant.— Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted. It is found from the moving papers that special circumstances exist which render it proper that the attorney be examined as a witness pursuant to section 288 of the Civil Practice Act. Settle order on notice. Present — Peck, P. J., Dore, Callahan, Breitel and Bastow, JJ.

■

ALBERT BRADICK, Respondent, v. RUDOLPH H. DEETJEN et al., Appellants.— To establish the allegations of completely false presentation of actual partnership affairs in connection with the agreements and the release, plaintiff was