HARRIET O. KITTLE, Plaintiff, *against* CHARLES A. KITTLE,
Defendant

[SPECIAL TERM.]

(Decided April 22d, 1878.)

The courts of this State will, to prevent injustice and oppression, enjoin a party to an action pending before them from prosecuting an action subsequently commenced in another State, where the matters litigated, and the relief which may be had, are substantially the same in both actions.

Where the defendant in an action pending here, brought by his wife for a limited divorce, commenced an action in Connecticut against the wife for a separation, and a decree releasing him from the obligation of supporting her, intending to bring it to a trial before the wife could obtain a trial here, and where all the witnesses for the wife resided in this State and New Jersey, and she was pecuniarily unable to defend the action brought by her husband : *held*, a case within the above rule, and an injunction granted.

In an action for limited divorce, where alimony and an allowance for counsel fee has been granted in an amount so small and inadequate as to show that it was so limited on account of the poverty of the defendant, and a trial has been had resulting in a disagreement of the jury, the court will not allow additional sums for alimony and counsel fee, on the ground that a new trial is necessary, unless it is shown that the defendant's pecuniary circumstances have improved.

MOTION, by plaintiff, for additional alimony and additional counsel fee. The facts appear in the opinion.

*Townsend & Weed*, for motion.

*Pelton & Poucher*, opposed.

CHARLES P. DALY, Chief Justice.—As respects the application for further alimony and an additional allowance for counsel fee, I am not disposed to make any further allowance than the amount allowed for the services of counsel and for alimony by Judge J. F. Daly and Judge Van Hoesen, before the trial. The fact that the jury disagreed, and that the cause will have to be tried again, is no ground for increasing the allowance for alimony. In ordinary cases it would

be a ground for alimony and additional counsel fee, because
further services on the part of counsel will be necessary, as
there will have to be another trial, but in this case allow-
ance made to the plaintiff for a counsel fee was very small,
and quite inadequate to compensate her counsel for a trial
which lasted eight days; and that so little was given, I must
infer, arose from an inquiry into the defendant's circum-
stances, and a conviction on the part of the judge that the
defendant was unable to pay any more. If that was his
condition then, it may be the same still, and the plaintiff
cannot get what defendant has not to give. If it had been
shown that his circumstances have since improved—that his
pecuniary resources are more now than they were then—it
would be otherwise; and it is incumbent upon the plaintiff
to show this before she can ask the court to order the pay-
ment of an additional counsel fee.

The application to enjoin the defendant from prosecuting
the suit which he has brought in the State of Connecticut,
after the plaintiff had commenced her suit in this court for
a limited divorce, is an application for equitable relief of a
different character. The suit brought by him in Connecti-
cut is not a suit for the dissolution of the marriage tie on the
ground of adultery or otherwise, but, so far as I can infer
from the pleadings, it is an application for a decree separa-
ting him from her upon the ground that she has abandoned
him, having refused to live and cohabit with him; and which
decree, if granted, would, as I assume from the object of the
suit, relieve him, by the law of that State, from any further
obligation to support her.

The suit in this court has been brought to trial, and
must have involved a very extensive inquiry, as the trial
lasted eight days, and ended without any result in favor of
either party. The plaintiff swears that it is the intention of
the defendant to bring the action in Connecticut to trial be-
fore it will be possible for the cause to be tried over again
in this court, and that it will not be in her power to give
evidence in defence of that action, as all her witnesses re-
side in this State, except two, who reside at Hoboken in

New Jersey; and that being wholly without means, she can neither pay the expense that would be incurred by having their testimony taken by a commission in this State, nor pay their expenses in going from this State to Connecticut, as witnesses, to testify in her behalf.

Our courts, from motives of comity and public policy, will not restrain parties, by injunction, from proceeding in actions commenced by them in other States, except in very special cases, to prevent injustice and oppression. This is the rule which has been recognized by adjudged cases in this State ( *Vail* v. *Knapp*, 49 Barb. 299; and the authorities there cited). We do not interpose upon any claim of right to control tribunals in other States, or prevent them from adjudicating upon the rights of parties in controversies before them, but merely restrain parties who are within our jurisdiction from proceeding with such suits, to prevent injustice and oppression. Such is the case here. The plaintiff is helpless as respects the suit in Connecticut. It is not in her power to defend it, and judgment may there be rendered against her through her inability to make any defence from the want of testimony. Full and ample justice can be done to the defendant in this suit. It embraces everything that could be passed upon in the suit in Connecticut. There is no injustice done to the defendant by limiting him, in the trial of the matters in controversy, to this suit; whilst great injustice might result to the plaintiff by permitting him to go on with a suit unnecessarily brought by him in the State of Connecticut, after a suit involving the same subject-matter had been brought by his wife in this State.

The motion will therefore be granted.

Motion for injunction granted.