## SUPREME COURT.

H. B. CLAFLIN & Co. agt. JOHN W. HAMLIN and F. N. HAMLIN.

*Injunction — Power of supreme court to restrain the prosecution of actions in other states.*

While, as a general rule, the courts of this state will decline to interfere by injunction to restrain its citizens from proceeding in an action which has been commenced in the courts of a sister state, there are exceptions to this rule; and where a case is presented fairly constituting such exception, extreme delicacy should not deter the court from controlling the conduct of a party within its jurisdiction to prevent oppression or fraud. No rule of comity or policy forbids it.

Thus, when F. N. Hamlin and Robert W. Hale (now dead) were, in 1871, copartners in business in Chicago and were burned out by the great fire of that year their indebtedness amounted to over $1,000,000 and the plaintiffs were the largest creditors. A compromise was effected for fifty cents on the dollar. F. N. Hamlin started in business again with another partner, the plaintiffs loaning the new firm large sums of money. F. N. Hamlin, in 1876, being refused a loan of $15,000 by the plaintiffs, charged them with having received more than they were entitled to under the compromise, and has since brought a number of suits against them in Illinois in the name of his father alleging conspiracy on their part with his former partner, Hale, to defraud the other creditors. The plaintiffs assert that the suits are brought for blackmailing purposes, and that the assignments from creditors of Hamlin's firm, on which they are based, have been decided to have been obtained by fraudulent representations:

*Held,* that this is one of those *special cases* which warrant the court in exercising its power, and that the suit brought by John W. Hamlin in the state of Illinois was not brought in good faith and was brought for the purpose of vexing, annoying and harrassing the plaintiffs in this action, and, therefore, the preliminary injunction should be continued until the cause can be tried.

*Special Term, October,* 1881.

THE plaintiffs have brought suit in the supreme court against John W. Hamlin and F. N. Hamlin to restrain the

defendants from harrassing them by alleged groundless litigations in other states, and to compel the Hamlins to submit all matters in controversy to the court in the present action.

F. N. Hamlin and Robert W. Hale (now dead) were, in 1871, copartners in business in Chicago and were burned out by the great fire of that year. Their indebtedness amounted to over $1,000,000, and H. B. Claflin & Co. were their largest creditors. A compromise was effected for fifty cents on the dollar. F. N. Hamlin started in business again with another partner, H. B. Claflin & Co. loaning the new firm large sums of money. F. N. Hamlin, in 1876, being refused a loan of $15,000 by H. B. Claflin & Co., charged them with having received more than they were entitled to under the compromise, and has since brought a number of suits against them in Illinois in the name of his father, John W. Hamlin, alleging conspiracy on their part with his former partner, Hale, to defraud the other creditors. The plaintiffs assert that the suits are brought for blackmailing purposes, and that the assignments from creditors of Hamlin's firm, on which they are based, have been decided to have been obtained by fraudulent representations.

*Vanderpoel, Green & Cuming*, for plaintiffs.

*Emery Storrs* and *Daniel P. Mahony*, for defendants.

LAWRENCE, *J.* — It was held by this court in the case of *Vail* agt. *Knapp* (49 *Barb. S. C. R.*, 299) that while, as a general rule, the courts of this State will decline to interfere by injunction to restrain its citizens from proceeding in an action which has been commenced in the courts of a sister state, there are exceptions to the rule; and that where a case is presented fairly constituting such exception, extreme delicacy should not deter the court from controlling the conduct of a party within its jurisdiction to prevent oppression or fraud, and that no rule of comity or policy forbids it.

Claflin & Co. agt. Hamlin.

Judge INGALLS, in delivering the opinion of the court in that case, refers with approbation to the following language of Mr. justice STORY in his Equity Jurisprudence: "Although the courts of one country have no authority to stay proceedings in the courts of another, they have undoubted authority to control all persons and things within their own territorial limits. When, therefore, both parties to a suit in a foreign country are residents within the territorial limits of another country, the courts of equity in the latter may act in *personam* upon those parties and direct them by injunction to proceed no further in such suit. In such a case these courts act upon acknowledged principles of public law in regard to jurisdicdiction. They do not pretend to direct or control the foreign court, but without regard to the situation of the subject-matter of the dispute they consider the equities between the parties and decree in *personam* according to those equities and enforce obedience to their decree by process in *personam*."

In *Dehon* agt. *Foster* (4 *Allen*, 550) BIGELOW, Ch. J., says: "The authority of this court, as a court of chancery, upon a proper case being made to restrain persons within its jurisdiction from prosecuting suits either in the courts of this state or of other states or foreign countries is clear and indisputable. In the execution of this power courts of equity proceed, not upon any claim of right to interfere with and control the course of proceeding in other tribunals, or to prevent them adjudicating on the rights of parties when brought in controversy and duly presented for their determination, but the jurisdiction is founded on the clear authority vested in courts of equity over persons within the limits of their jurisdiction and amenable to process to restrain them from doing acts which will work an injury to others, and are therefore contrary to equity and good conscience. As the decree of the court in such cases is pointed solely at the party, and does not extend to the tribunal where the suit or proceeding is pending, it is wholly immaterial that the party is prosecuting his action in the courts of a foreign state or country."

In *Engel* agt. *Scheurman* (40 *Ga.*, 206) the Georgia court of chancery enjoined the defendant, a citizen of Georgia, from proceeding against the plaintiff in the courts of this state, and the court say: " In restraining him by injunction from enforcing this unconscientious demand in the state of New York, the court acts upon his conscience in *personam* and not upon the courts of that state. The person of the defendant is within the jurisdiction of the court, the proceedings in the courts of the state of New York are not, and we do not interfere with them " (*See, also, Kittell* agt. *Kittell*, 8 *Daly*, 72; *Cranstoun* agt. *Johnson*, 3 *Ves. Jr.*, 183; *Erie Railway* agt. *Ramsay*, 45 *N. Y.*, 637; *remarks of* FOLGER, *J., at pages* 648 *and* 649; *Manie* agt. *Watts*, 6 *Cranch*, 148).

Guided by these authorities I reach the conclusion that it is within the power of this court to restrain the defendant John W. Hamlin, who at the time of the commencement of this action and at the time of the granting of this injunction was a citizen of the state of New York, from prosecuting the action in the courts of a sister state; and the only question, therefore, remaining to be determined is whether this is one of those special cases which must exist in order to warrant the court in exercising its power. Having read over all the affidavits and papers in this case I am forced to conclude that the suit brought by John W. Hamlin in the state of Illinois was not brought in good faith, and was brought for the purpose of vexing, annoying and harrassing the plaintiffs in this action, and that therefore the preliminary injunction granted by Mr. justice DONOHUE should be continued until the cause can be tried.