Daniels, J.
The defendant commenced an action on or about the 10th of May, 1887, against the plaintiff, for an absolute divorce. Ineffectual efforts had previously been made to serve the summons in the action upon her, and upon affidavits indicating that she concealed herself to avoid its service, an order was made on the 9th of May, 1887, for its substituted service. And it was served in the manner directed by the order on the 10th of May, but the affidavit proving the service was not on that day filed in the clerk’s office, as it was required to be by section 437 of the Code of Civil Procedure, to make the service complete. And on the evening of the same day, after preceding efforts had also been made to serve the summons in this action, it was served upon the defendant. He did not appear in this action, and on the 9th of June, 1887, upon an affidavit showing the service of the summons, and the failure to appear, an order of reference was made in this action to a referee to take proof of the facts stated in the complaint.
In the action commenced by the defendant against the plaintiff she appeared and answered, and in her answer set forth various acts of adultery on the part of the defendant in this suit, as a defense to his action, and for affirmative relief by way of an absolute divorce, and to secure the custody .of their child, in her own favor. She also denied the *433 acts of misconduct charged against herself. He replied to her answer, and his action in this form, including the entire controversy between these parties, was in a condition to be tried and disposed of, when the motion for the stay was made.
That the court possesses the power to stay the trial or hearing of one suit until the other may be disposed of, comprehending the same grounds of legal controversy is quite well settled by the authorities. Kittle v. Kittle, 8 Daly, 72; Atkinson v. Merritt, 1 Sand., 667; Burlingame v. Parce, 12 Hun, 149; Nichols v. Nichols, id., 428; Dederick v. Fisk, 59 How, 73; Jung v. May, 19 Weekly Dig., 140.
The stay will be ordered of one action until the other may be heard and disposed of, when a complete disposition of the controversy will be made by the suit permitted to be tried. And such a disposition of all the allegations made by either of these parties against the other will be made' upon the trial of the action brought by the defendant in this suit against the plaintiff, for the pleadings have been framed in such a manner as to include whatever one may be able to allege against the other. It seems to have been supposed and assumed by the defendant in this suit that as the plaintiff answered his complaint, it could not have been her intention to proceed with the action brought by herself against him for the same causes of marital misconduct upon which her answer has been served. The hearing of her suit before the referee would include no more than the misconduct alleged in her answer against her husband, while the hearing and trial of his suit will not only dispose of these allegations, but also of those which he has made against her. And as the summons in his suit was received by her before that in her suit was served upon him, even though the service was not made complete by the filing of the affidavit and the issues have been so completely framed in it by the pleadings, his action should be tried while her suit againsjb him should be stayed. No advantage whatever can be secured by him over her by this disposition of the motion, but all her rights will be as fully protected and secured as though she were permitted to go on before the referee and prove her case by ex parte evidence. Justice will be best promoted by the trial of the action in which the pleadings have been so completely framed as they appear to be in his suit against her. And the order should therefore be reversed, with costs to abide the result, and an order entered staying proceedings upon the reference until the disposition of the defendant’s suit against the plaintiff.
Van Brunt, Oh. J., and Brady, J., concur.