ALLENTOWN FOUNDRY AND MACHINE WORKS, Appellant, *v.* ARTHUR J. L. LORETZ, Respondent.

*Stay — granted in an action in New York, when a like action is pending in another State.*

The rule that where several actions are pending in the State of New York, and the decision of one of them will determine the rights set up in the others, a stay may be granted, applies where several actions for the same cause are pending in different jurisdictions, in which case, pending the decision of one action, the others will be stayed, except where the effect of the stay will be to jeopardize some opportunity of the party for obtaining a satisfaction of his claim in case of success.

APPEAL by the plaintiff, the Allentown Foundry and Machine Works, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 27th day of January, 1897, staying the proceedings in the action until the final determination of certain actions pending in the State of Massachusetts.

*Henry Yonge,* for the appellant.

*William S. Maddox,* for the respondent.

CULLEN, J.:

These actions are brought to recover the price of certain machinery sold and delivered to the defendant. The actions were commenced on the 1st day of May, 1896. The plaintiff is a foreign corporation, organized under the laws of the State of Pennsylvania, and having its place of business within that State. Prior to the institution of these actions the plaintiff brought a suit in Massachusetts, in equity, upon these same claims, to attach moneys due to the defendant from the city of Lynn. Subsequently, and about the 1st day of June, 1896, an action at law, in that State, was brought by the plaintiff against the defendant to recover the amount of those claims. In both of the actions in Massachusetts the defendant has appeared, answering and contesting the demands of the plaintiff, and an order has been made referring the actions for trial. The defendant interposed answers in the actions in this State, and thereupon applied for an order staying proceedings in these actions until the hearing

and determination of the Massachusetts suits. From an order granting such application this appeal is taken.

It is not contended by the counsel for the defendant that the pendency of an action in a foreign jurisdiction is a good plea in bar to an action brought on the same demand in this State. It is, however, claimed that the plaintiff should not be allowed to further prosecute its suits and harass the defendant by a double litigation. In the case of several actions pending in this State, where the decision of one action will determine the rights set up in the others, unquestionably a stay may be granted. (*Dolbeer* v. *Stout*, 139 N. Y. 486.) We do not see why the same rule should not apply to the case of actions pending in different jurisdictions, except where the effect of the stay would be to hazard or put in jeopardy some chance or opportunity of the party obtaining satisfaction of his claim in case of success. There is no such hazard to the plaintiff in these cases. The defendant having appeared generally in the Massachusetts actions, the plaintiff, if successful, will obtain a judgment for the full amount of its claims, which will be conclusive in every other jurisdiction. The prosecution, therefore, of the suits in both States will subject the defendant to vexatious and unnecessarily expensive litigation. This should not be permitted.

There can be no question that, if the plaintiff were a resident of this State, and the courts here could obtain jurisdiction of its person, they might restrain it from prosecuting actions or suits in other States. (*Kittle* v. *Kittle*, 8 Daly, 72; *Vail* v. *Knapp*, 49 Barb. 299; *Claflin & Co.* v. *Hamlin*, 62 How. Pr. 284.) It is probable that the defendant could not get such relief against the plaintiff, because he could not secure its appearance in an action in equity brought for that purpose. But, if we cannot restrain the plaintiff's conduct in other jurisdictions, we are at least masters of the procedure in our own State. While we may not say to it, "You shall not proceed in the Massachusetts actions," we can say to it, "As long as you continue to prosecute those actions, you shall not proceed in the actions pending in this State." In *Hammond* v. *Baker* (3 Sandf. 704) the complainant brought his suit for an accounting in this State. Afterwards he commenced another suit against the defendant in Rhode Island for the same cause of action and praying for

the same relief. It was held that he must suspend his suit there or here. In *Nichols* v. *Nichols* (12 Hun, 428) the plaintiff brought her action for a separation on charges of cruel and inhuman treatment. Subsequently she brought an action in the State of Connecticut for divorce on the same grounds, cruelty and inhuman treatment in that State being sufficient to authorize a dissolution of the marriage contract. It was held that she must resort to one court or the other, and all proceedings in the action in this State were stayed until the plaintiff abandoned her Connecticut suit.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.