Argued 11 July, decided 30 July, 1907.

## ALDERMAN *v.* TILLAMOOK COUNTY.

91 Pac. 298.

INJUNCTION TO RESTRAIN VEXATIOUS LITIGATION.

1. Administratrix, at the time a proceeding for her removal was instituted in the county court by the county, claiming to be a creditor, was engaged in litigation over a claim for a large sum of money asserted by the county against the estate of which she was administratrix, and was making an honest and apparently successful defense thereto, and the county had been unable to establish its claim ; and it was for the purpose of preventing administratrix from making such defense and to enable the county to succeed that it instituted a proceeding for her removal. The county judge had been very active

in the county's behalf, and it was under his direction that the litigation against the estate was being conducted. *Held*, that administratrix was entitled to enjoin the prosecution of the proceeding for her removal, the case presented being one that appealed strongly to equity.

EFFECT OF INJUNCTION RESTRAINING LITIGATION IN OTHER COURTS.

2. An injunction in a suit to enjoin litigation does not interfere with the jurisdiction of the court in which such litigation is pending, but operates on the parties, preventing them from taking further proceedings.

INJUNCTION—PROCEEDINGS IN OTHER COURTS—ADEQUATE REMEDY.

3. In a suit by an administratrix to restrain a probate judge and an alleged creditor of an estate in his court from taking further steps in a proceeding before said judge to remove plaintiff on the ground that the judge had conspired with the alleged creditor and agreed to make such removal regardless of the facts and of the law, the right of plaintiff to contest the application and appeal from the order of removal is not such an adequate remedy as to bar the equitable remedy of enjoining vexatious and unjust litigation.

ABATEMENT AND REVIVAL.

4. A suit to restrain a probate judge and a creditor of an estate that was in his court from removing the administratrix is not abated by the expiration of the judge's term of office, for it continues as to the creditor, and an injunction against him will be effective to stop vexatious proceedings.

From Tillamook: WILLIAM GALLOWAY, Judge.

Suit by Edith A. Alderman, as administratrix of the estate of H. H. Alderman, deceased, against Tillamook County and others, for an injunction, resulting in a decree dismissing the complaint on demurrer, from which plaintiff appealed.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. Ralph Rolofson Duniway*.

For respondents there was a brief over the name of *Thayer & Johnson*, with an oral argument by *Mr. Sidney Smith Johnson*.

Opinion by MR. CHIEF JUSTICE BEAN.

This suit was brought by the plaintiff against Tillamook County, W. W. Conder, county judge thereof, and Handley & Thayer, its attorneys, to enjoin and restrain the prosecution of a proceeding instituted by the county in the county court of such county for the removal of the plaintiff as administratrix of her husband's estate. A demurrer to the complaint was sustained in the court below, and the sufficiency of the complaint is the only question for determination on this appeal.

The facts alleged in the complaint are that H. H. Alderman, the husband of plaintiff, was sheriff and *ex officio* tax collector of defendant county from September 7, 1897, until his death, January 24, 1904. Soon after his death plaintiff was duly and regularly appointed administratrix of his estate, and on July 28, 1904, the defendant county presented to her, as such administratrix, a claim against the estate of her intestate for $8,127.17 for money alleged to have been received by him as tax collector and not paid over to the county or otherwise accounted for. This claim was examined and disallowed by the plaintiff on August 1, 1904. On September 7th of that year the county, acting through the defendant Conder, as county judge, entered into a written contract with Handley & Thayer, by the terms of which they agreed, for a certain per cent of the amount recovered, to immediately commence and prosecute to final decision any and all necessary and practicable legal process to enforce the claim of the county against the intestate's estate for moneys collected by him and not accounted for, no suit or action, however, to be commenced without the approval of the county judge. About the time of the making of this contract the claim of the county, which had been presented to and disallowed by the plaintiff as administratrix, was, in pursuance of Section 1161, B. & C. Comp., presented to the county court, presided over by the defendant Conder, for allowance, and the same was, on October 6th, duly allowed by him. The plaintiff appealed from this order, and pending the determination thereof the defendant county, through its attorneys, and by the sanction of Conder, commenced a suit in equity against plaintiff to subject certain real property, the title to which was in her name, to the payment of its claim, on the ground that such property had been conveyed to her by her husband for the purpose of defrauding creditors. The complaint was verified by Conder, and alleged that the county was a creditor of the estate by virtue of the order of the county court allowing its claim. Before this suit came on for hearing the appeal of the plaintiff from the order of the county court allowing the claim was

heard and decided in her favor, and no appeal has been taken from such decision, and it has become final. The plaintiff thereupon pleaded such judgment in abatement of the suit referred to. This plea was sustained and the suit dismissed, on the ground that the county had not reduced its claim against the estate to judgment, and therefore could not maintain a creditor's bill to subject property held by her to its payment.

On October 25, 1905, while this suit was pending and undetermined, the defendant county, through its attorneys and by the direction of Conder, as county judge, commenced four separate suits in equity against plaintiff and certain persons alleged to have been bondsmen of her husband, to restore lost bonds and for an accounting, and also an action at law against plaintiff as administratrix of her husband's estate, to establish its claim against such estate. The complaint, in all these suits and in the action, was verified by Conder as county judge, and the litigation was prosecuted with his approval and sanction. The plaintiff appeared in each of these suits and in the action, and was making apparently successful defenses thereto, when defendant county, acting through its attorneys, filed a petition in the county court, of which the defendant Conder was judge, alleging that it was a creditor of the estate of plaintiff's decedent, and that she had been unfaithful in her trust as administratrix, because she had failed and neglected to include in the inventory thereof certain real property, the title to which was in her name, but which, it was alleged, had been conveyed to her by her husband in fraud of creditors, and praying that she be cited to appear and show cause why she should not be removed as administratrix. The plaintiff thereupon commenced this suit to enjoin further prosecution of such proceeding, alleging that it was instituted in pursuance of a conspiracy entered into by Conder, as county judge, and the attorneys of the county, to deprive the estate of her husband of any defense in the several suits and action pending against such estate by removing her as administratrix and appointing some one friendly to the county's interest. It is alleged that it was

agreed, as a part of the conspiracy, that the attorneys should, in the name of the county, file false charges of misconduct against plaintiff, as administratrix, in the county court, over which defendant Conder presided, and that Conder, acting as judge of such court, should make an order removing her, without regard to any defense she might make, and that he would appoint another as administratrix of such estate, who would confess judgment in favor of the county in the several suits and action then pending, and thereby deprive the estate of any defense thereto; that Conder had been active in prosecuting the county's claim against the estate, and had agreed to decide all questions brought before him in favor of the county, and to remove the plaintiff as administratrix whenever he got an opportunity to do so; that, if she is removed by the county court, her right to act as administratrix will be suspended, pending an appeal from such order, and before the same could be heard or determined the estate and the bondsmen of her husband will forever be deprived of the right to make any defense to such suits and action; that the claim of the county is wrongful and illegal, and without merit, and, if permitted, the plaintiff can make a successful defense thereto.

1. That a court of equity has jurisdiction to enjoin pending or threatened proceedings in another court to prevent oppressive and vexatious litigation, and especially when such litigation is not brought in good faith, but is instituted for an illegal and wrongful purpose, is undisputed: 22 Cyc. 790, 793; 2 Story, Equity, § 901; *Norfolk & N. B. H. Co. v. Arnold,* 143 N. Y. 265 (38 N. E. 271). The courts are not agreed as to what constitutes such litigation, and, as said by Mr. Justice GRAY, "every case must necessarily be governed in its disposition by its facts and circumstances, and the discretion of the court must be influenced in its exercise by a consideration of the relative injury and convenience which may result from granting or refusing equitable relief by way of injunction": *Bomeisler* v. *Forster,* 154 N. Y. 229, 238 (48 N. E. 534, 535: 39 L. R. A. 240). It is unnecessary at this time for us to at-

tempt to lay down any general rule on the subject or review the authorities. From the allegations of the complaint, which for the purposes of this appeal are admitted by the demurrer, and must be taken as true, a case appealing more strongly to a court of equity for relief could rarely be found. The plaintiff and defendant, at the time the proceedings for her removal were instituted in the county court, were engaged in litigation over a claim for a large amount of money asserted by the county against the estate of which plaintiff is administratrix. The county had brought sundry actions, suits and proceedings to establish its claim. The plaintiff was making an honest and apparently successful defense thereto, and the county had been unable to establish its claim. To prevent the plaintiff from making such defense, and to enable the county to succeed in the litigation, it instituted a proceeding for her removal in the court presided over by the person who had been most active on its behalf and under whose direction the litigation was being conducted. To give it an apparent standing to maintain such proceeding, it alleges that it was a creditor of the estate, although it had not established its claim to that relationship and was not entitled to the rights of a creditor. It seems manifest, therefore, that the proceeding could not have been instituted in good faith, but for the purpose of vexing, annoying and harassing plaintiff, and to illegally and wrongfully deprive the estate of which she is administratrix of the right to defend against the action and suits brought by the county on an alleged wrongful claim. Under these circumstances we are of the opinion that a court of equity should not hesitate to interfere by injunction to protect the rights of the plaintiff. If the county has a valid claim against the estate, the courts are open to it; but it should establish such claim in a regular and orderly manner, and not be permitted to resort to proceedings of the kind here instituted for the purpose of taking an undue advantage of its opponent.

2. It is argued that the county court has exclusive jurisdiction in the first instance over proceedings in the administra-

tion of estates and the appointment and removal of executors
and administrators, and that this is an attempt to interfere
with such jurisdiction by injunction. But this is in no sense
a proceeding to interfere with the jurisdiction of the county
court. It is not and could not be made a party to the suit.
Any process which will issue will not be addressed to the court
and will not interfere with it in any way. A decree, if ren-
dered, will operate only on the parties, by restraining them
from proceeding further with the litigation in such court, and
this is a jurisdiction clearly vested in a court of equity upon
a proper case being made: *Keyser* v. *Rice*, 47 Md. 203 (28 Am.
Rep. 448) ; *Claflin* v. *Hamlin*, 62 How. Prac. 284. In *Dehon*
v. *Foster*, 4 Allen (Mass.), 545, Mr. Chief Justice BIGELOW
says: "The authority of this court as a court of chancery, upon
a proper case being made, to restrain persons within its juris-
diction from prosecuting suits either in the courts of this state
or of other states or foreign countries, is clear and indisput-
able. In the exercise of this power courts of equity proceed,
not upon any claim of right to interfere with or control the
course of proceeding in other tribunals, or to prevent them
from adjudicating on the rights of parties when drawn in con-
troversy and duly presented for their determination; but the
jurisdiction is founded on the clear authority vested in courts
of equity over persons within the limits of their jurisdiction
and amenable to process, to restrain them from doing acts
which will work wrong and injury to others, and are therefore
contrary to equity and good conscience. As the decree of the
court in such cases is pointed solely at the party, and does not
extend to the tribunal where the suit or proceeding is pending,
it is wholly immaterial that the party is prosecuting his action
in the courts of a foreign state or country."

3. Again, it is said that the remedy of the plaintiff is to
appear in the county court and contest the proceeding there,
and, if the decree is against her, to appeal. But under the
averments of the complaint such a remedy would be a mere
mockery of justice. The case against her had been prejudged,

and the decree to be entered agreed upon before the proceeding was instituted, and any attempt to make a defense thereto by plaintiff would be futile and unavailing. It is true she could appeal from any decree rendered against her, but the appeal would not stay the order removing her as administratrix; but the duties of that position would devolve upon the person appointed in her place: *Knight* v. *Hamaker,* 33 Or. 154 (54 Pac. 277, 659), And thus the object and purpose of the conspiracy in pursuance of which the proceeding was instituted would be accomplished before the appeal could be heard and determined.

4. It is also suggested that Conder's term as county judge has expired; but this is no reason why the action should abate. Until the county has established its claim against the estate in some manner provided by law, it ought not to be permitted to vex and annoy plaintiff with needless and unnecessary proceedings for her removal.

We are of the opinion, therefore, that the decree of the court below should be reversed, the demurrer to the complaint overruled, and a decree entered in favor of plaintiff.

REVERSED.