THE PEOPLE OF THE STATE OF NEW YORK ex rel. DOROTHY TULL, Respondent, *v.* HONISS A. TULL, Appellant.

First Department, November 15, 1935.

*Joseph D. Nunan, Jr.*, of counsel [*John Ewen* with him on the brief; *Tolbert, Ewen & Patterson*, attorneys], for the appellant.

*Alexander U. Zinke* of counsel [*Charles W. Silver* with him on the brief; *L. & A. U. Zinke*, attorneys], for the respondent.

O'MALLEY, J. The question presented is whether upon this record the appellant, the respondent in habeas corpus proceedings relating to the custody of a child of the parties, has shown sufficient excuse for the failure to produce the body of the child pursuant to the directions of the writ and appellant's personal stipulation or agreement so to do, when he secured an adjournment of the hearing on the return.

The record is meagre, consisting principally, if not entirely, of the petition and the exemplified copies of judicial determinations in the State of Maryland and colloquy between court and counsel.

The parties were married on May 24, 1930. Where, it does not appear. They have one child, a son about four years of age, whose custody is here in question. From September, 1933, to April, 1934, the parties resided together in this State. The respondent, appellant, then returned to his family home in Maryland, taking the child with him. There he has since resided.

In August, 1934, the petitioner, respondent, joined him and her son in Maryland and lived in the same house until December 13, 1934. She then left him. She seeks to justify her departure because of his alleged ill treatment.

It further appears that in December, 1934, *the wife*, herself, filed a petition with the Circuit Court of Somerset county, Md., asking for the issuance of a writ of habeas corpus directed to the husband for determination of the right to custody.

After a hearing an order was entered, denying the relator, respondent, any relief and remanding the child to the care and custody of the respondent, appellant, subject to the further order of the court.

So far as appears the petitioner, respondent, neither appealed from that decision nor made any further application to the Maryland court for modification or other relief.

On June 18, 1935, the petitioner, respondent, applied to the Supreme Court, New York county, for a writ of habeas corpus on a petition in which she did not disclose the Maryland proceedings.

This writ was returnable June twenty-seventh at ten A. M. It was served on the respondent, appellant, in the afternoon of the previous day. On the return date he obtained an adjournment to July fifth upon his stipulation that the child would be produced in court on the adjourned date. He failed to comply and a further adjournment to July ninth was procured.

In the meantime, however, and on July 5, 1935, on petition of the respondent, appellant's sister, the Maryland court made a further order enjoining the husband from producing the child before the Supreme Court in this State. The petition in the Maryland court set forth the pendency of the habeas corpus proceedings in this jurisdiction, and likewise disclosed the stipulation of the husband agreeing to produce the child.

On July ninth the respondent, appellant, attended with counsel. The Special Term was inclined to the view that it was bound by the adjudication of the Maryland court. However, it adjourned the proceedings to July fifteenth, with a view to a possible recon-

ciliation or other adjustment. Failing in this, the Special Term sustained the writ but adjourned the proceeding to July twenty-fifth, directing that if the child were not produced on said date the respondent, appellant, be committed for contempt. The child not having been produced on the last mentioned date, and there being no appearance, the Special Term unqualifiedly and unconditionally granted the writ and awarded the custody of the child to the petitioner without any provision for a right of visitation on the part of the respondent, appellant. Leave to vacate the order upon his producing the child in court was granted. The respondent, appellant, was also held in contempt.

In our opinion the order appealed from was erroneous in sustaining the writ and in adjudging the respondent, appellant, in contempt. The determination of the Maryland court was *res judicata* and entitled to recognition in this State. (*Matter of Standish*, 197 App. Div. 176; affd., 233 N. Y. 689.)

As already appears, the Maryland proceedings were instituted by the petitioner, respondent. She neither appealed from the determination nor made other application for further relief. The Maryland proceedings were had at a time when husband, wife and child had been residing together in that State, and the court there had full power to award custody. (*May v. May*, 233 App. Div. 519.)

The determination there made was less than a year before the proceedings instituted in this jurisdiction. The record here discloses no such lapse of time or change of conditions, factual or legal, as would justify the courts of this State in reaching a determination contrary to that of the Maryland court.

True it is that the respondent, appellant, obtained an adjournment upon his personal promise to produce the child upon the adjourned date. However, he was already required to do that by the provisions of the mandate of the court already served upon him. While an inference might be drawn that he knew about the injunction procured in the Maryland court by his sister, the evidence is insufficient to justify such finding.

Furthermore, as already stated, the child was in the custody of the Maryland court and subject to its further order. That court of its own motion could have made the restraining order to effectuate its prior disposition of the child's custody.

Under all the circumstances, therefore, we are of opinion that the respondent, appellant, sufficiently justified the non-production of the child. It was error, therefore, to sustain the writ and hold the appellant, respondent, in contempt.

It follows that the order appealed from should be reversed and the writ dismissed.

Martin, P. J., Townley, Glennon and Untermyer, JJ., concur.

Order granting relator's motion for a writ of habeas corpus, awarding custody of infant Alonzo Eugene Tull to the relator, and adjudging Honiss A. Tull guilty of contempt, unanimously reversed and the writ dismissed.