In the Matter of SALVATORE SUTERA, Appellant, against JOAN SUTERA, Respondent.

In the Matter of JOAN W. SUTERA, Respondent.

Second Department, April 2, 1956.

*Nathan Dorfman* and *David Quient* for appellant.

*Richard S. Lane* for respondent.

NOLAN, P. J. Salvatore and Joan Sutera, the adult parties to these proceedings, were married in New York City in 1947. Their infant son, whose custody is the subject of the proceedings, was born on February 24, 1948. Thereafter, as the result of matrimonial difficulties, the mother, respondent on this appeal, left the marital home in Glen Cove, New York, and took the child to Massachusetts. The father, appellant before this court, was not informed of the whereabouts of his wife and child, but after ascertaining where they were, went to Massachusetts, and about July 18, 1955, removed the child to New York, without the mother's knowledge or consent. In the meantime and about July 15, 1955, the mother had commenced a proceeding for separate support in the Probate Court of Essex County, Massachusetts, and had obtained an ex parte order awarding her temporary custody of the infant. Appellant then moved in that court, in person, for a modification of the temporary order, and asked that custody be given to him. Thereafter, that motion was discontinued. On or about July 28, 1955, appellant instituted one of the instant proceedings to obtain an award of custody, and on August 2, 1955, respondent obtained a writ of habeas corpus, seeking the award of custody to her. Both proceedings were returnable August 10, 1955, and on August 30, 1955, the Special Term made an intermediate determination, reciting a pending trial in the Massachusetts proceeding in September, holding that the Massachusetts court had acquired jurisdiction to determine custody and that appellant should submit that question to the Massachusetts court for its decision, and adjourning the instant proceedings to September 23, 1955. On October 20, 1955, the Massachusetts court, after a hearing at which appellant did not appear, although the attorney representing him in the instant proceedings had received notice thereof, made its decree awarding custody of the child to respondent. On November 3, 1955, these proceedings came on for a hearing and the Special Term held, in substance, that the Massachusetts decree was entitled to full faith and credit and that the custodial provisions thereof should not be altered except on proof of a change in circumstances since the making of that decree, and excluded considerable evidence as to the relations of the parties prior thereto. No such change having

been shown, appellant's petition was denied and custody was awarded respondent.

It is our opinion, on the facts presented by this record, that the determination made at Special Term was correct. Under the law of Massachusetts, which governs the question (Restatement, Conflict of Laws, § 82; cf. *Lynde* v. *Lynde,* 162 N. Y. 405, affd. 181 U. S. 183, and *Laing* v. *Rigney,* 160 U. S. 531), appellant's motion to vacate the temporary order of custody constituted a general appearance (*Cahm* v. *Wallace,* 206 Mass. 39, 44–45; *Lapresti* v. *Burton,* 295 Mass. 6, 8), and the court was not deprived of the jurisdiction thus conferred by the discontinuance of that motion (*Garber* v. *Hirsh,* 225 Mass. 422, 424; *Harvey* v. *Fiduciary Trust Co.,* 299 Mass. 457, 465). The child was a resident of Massachusetts when the proceeding in the Probate Court was commenced, and that court had jurisdiction of the subject matter of the proceeding and of the parties. Consequently, it had jurisdiction to pass upon the question of custody (*Schmidt* v. *Schmidt,* 280 Mass. 216, 218; *Conley* v. *Conley,* 324 Mass. 530; *Welker* v. *Welker,* 325 Mass. 738, 744), and to render a decree thereon which is entitled to full faith and credit in this State, as against appellant's claim to the right to custody in the instant proceedings (*Ansorge* v. *Armour,* 267 N. Y. 492; *Matter of Standish,* 197 App. Div. 176, affd. 233 N. Y. 689; *People ex rel. Tull* v. *Tull,* 245 App. Div. 508, affd. 270 N. Y. 619).

While the New York Supreme Court has jurisdiction to provide for the best interests of a child resident within the State, after the manner of a wise, affectionate and prudent parent (*Finlay* v. *Finlay,* 240 N. Y. 429; *People ex rel. Herzog* v. *Morgan,* 287 N. Y. 317, 320), the Special Term was required, in determining what was for the best interests of the infant in the present proceedings, to give to the Massachusetts decree, which had determined the identical question, the same credit and effect as would have been given to it in Massachusetts (*Halvey* v. *Halvey,* 330 U. S. 610; *Ansorge* v. *Armour, supra; People ex rel. Tull* v. *Tull, supra; Matter of Young* v. *Roe,* 265 App. Div. 858, affd. 290 N. Y. 823). In Massachusetts, as in New York, an award of custody may be changed or altered when it appears that a change will be for the best interests of the child. (*Perkins* v. *Perkins,* 225 Mass. 392, 397–398; *Hersey* v. *Hersey,* 271 Mass. 545, 549; *Coughlin* v. *Coughlin,* 312 Mass. 452, 456; *Welker* v. *Welker,* 325 Mass. 738, *supra.*) It is also the rule in Massachusetts that " ordinarily at least, a change in an order for custody * * * must be based upon some change in the circumstances of the parties since the preceding decree was

entered " (*Hinds* v. *Hinds,* 329 Mass. 190, 191; *Breton* v. *Breton,* 125 N. E. 2d 121 [Mass.]). The Special Term was not precluded by the full faith and credit clause of the Federal Constitution from modifying the custodial provisions of the Massachusetts decree if circumstances were established which might have been considered sufficient in that State to authorize a similar result. (*Halvey* v. *Halvey, supra.*) Neither was the Special Term precluded, in determining the questions presented, from considering evidence of circumstances which existed prior to the entry of that decree. (*Hinds* v. *Hinds, supra.*) We find no error however, in the exclusion of such evidence, nor do we find it necessary to attempt to determine what state of facts would be considered sufficient, in Massachusetts, to justify a relaxation of the rule ordinarily applied by the courts of that State. The Special Term found, on sufficient evidence, that appellant had voluntarily elected to absent himself from the Massachusetts forum, in which he had appeared, and had removed his infant son, by stratagem, from Massachusetts to New York, to avoid the jurisdiction of the Probate Court, and to lay the formal groundwork for a test of custody in this State, in disregard of judicial action in Massachusetts. Under such circumstances, although the pendency of the Massachusetts proceeding was not a bar to the prosecution of the proceedings commenced here (*Morrison* v. *Morrison,* 232 App. Div. 519; *Barnes* v. *Andrews,* 208 App. Div. 856), appellant may not be heard to complain that the instant proceedings were adjourned pending the determination of the proceeding in Massachusetts (cf. *Allentown Foundry & Mach. Works* v. *Loretz,* 16 App. Div. 72; *Curlette* v. *Olds,* 110 App. Div. 596; *Oppenheimer* v. *Carabaya Rubber & Nav. Co.* 145 App. Div. 830, and *Levy* v. *Pacific Eastern Corp.,* 154 Misc. 655, 656). Neither may he complain that the Special Term, on consideration of all the facts, including appellant's failure to avail himself of the opportunity to litigate the question of custody in Massachusetts, his disregard of the decree of the court of that State, and the manner in which the infant son of the parties was removed from Massachusetts, accepted the Massachusetts decree as conclusive as of the date when it was made, refused to relitigate here issues which were involved in the proceeding before the Probate Court, and limited appellant's proof accordingly. (Cf. *People ex rel. Tull* v. *Tull,* 245 App. Div. 508, affd. 270 N. Y. 619, *supra*; *Matter of Hubbard,* 82 N. Y. 90, 95, and *Conley* v. *Conley,* 324 Mass. 530, 534, *supra.*)

The order should be affirmed, with $10 costs and disbursements.

WENZEL, BELDOCK, MURPHY and UGHETTA, JJ., concur.

Order affirmed, with $10 costs and disbursements.