■ CLAUDA H. LEVINE, Respondent, v ANTHONY C. TOMMASI, Appellant. —In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Nassau County, entered July 28, 1976, which, after a hearing, sustained the writ and directed that the parties' infant daughter be released and discharged into the custody of the petitioner. Proceeding remanded to Special Term to hear and report as to whether the Indiana court considered the best interests of the child in making its determination. Appeal held in abeyance in the interim. In 1962 custody of the parties' infant daughter, Thea, was awarded to the petitioner pursuant to a stipulation incorporated into an Illinois divorce decree. In October, 1975 the appellant instituted a proceeding in Indiana for permanent custody of the infant. Thereafter, in December, 1975, the petitioner instituted a proceeding in Indiana to deny both parties temporary visitation rights with the infant. After a hearing, the Indiana court accorded visitation rights to appellant during the Christmas vacation of 1975. However, at the end of the Christmas vacation, the appellant refused to release the child. Consequently, the petitioner instituted this proceeding in New York. A hearing was held on January 30, 1976, which was resumed on March 9, 1976. At that hearing the court did not consider the issue of custody or the best interests of the child. Instead Special Term adjourned the proceeding until June, 1976 to await the outcome of the proceeding in Indiana on the issue of custody. The appellant did not personally appear in Indiana with the child as he had stipulated he would do and he presented no evidence there. The Indiana court ordered that the child remain in the custody of the petitioner. Special Term, in sustaining the writ, relied upon the determination in Indiana. Although custody decrees of sister States are not entitled to full faith and credit (see *Obey v Degling,* 37 NY2d 768, 770), a New York court can, within its discretion, accord those decisions recognition *(Matter of Lang v Lang,* 9 AD2d 401, 409, affd 7 NY2d 1029). Special Term's stay of the New York proceeding was proper (see *Matter of Sutera v Sutera,* 1 AD2d 356, 359; cf.

*Allentown Foundry & Mach. Works v Loretz,* 16 App Div 72, 73). However, in the instant case, it is not absolutely clear whether the Indiana hearing of June, 1976 ever considered the actual interests of the child, Thea, or merely relied upon the stipulation which was incorporated into the divorce decree. The best interests of the infant must come before the parents' stipulation (see *Matter of Araujo v Araujo,* 38 AD2d 537). We are, of course, concerned solely with the best interests and the welfare of the child (see Domestic Relations Law, § 70; *Obey v Degling,* 37 NY2d 768, 770, *supra).* Therefore the Special Term should determine whether there was a full and plenary hearing in Indiana on the issue of the best interests of the child. Latham, Acting P. J., Margett, Titone and Mollen, JJ., concur.