■ SUMMEROUR & ASSOCIATES, INC., Appellant, v BRADHILL INDUSTRIES, INC., Respondent. — Order of the Supreme Court, New York County (Whitman, J.), entered on October 29, 1981, which granted the defendant's motion to vacate the filing and entry of a Georgia judgment in the State of New York, is unanimously reversed, on the law, with costs and disbursements, and the motion to vacate denied. Appeal from the order of the Supreme Court, New York County (Whitman, J.), entered on January 26, 1982, which denied plaintiff's motion for reargument, is dismissed as nonappealable, without costs or disbursements. Plaintiff-appellant Summerour & Associates, Inc., instituted an action in the State Court of Georgia, Fulton County, to recover payment allegedly owed by defendant-respondent Bradhill Industries, Inc., for

certain services rendered pursuant to an agreement between the parties. Defendant submitted an answer, challenging the court's in personam jurisdiction and interposing two other defenses relating to liability. Thereafter, defendant's Georgia attorney moved to dismiss the complaint on the ground that Bradhill was a New York corporation that was not doing business in that State. After hearing arguments on the matter, the Georgia State Court, in an order dated January 22, 1980, denied the motion. In March of 1980, Bradhill's lawyer requested leave to withdraw as counsel, alleging that defendant had failed to pay his fee. He stated that he had advised Bradhill of the fact that unless he received a retainer, he would not continue to represent defendant. The court granted the motion. Thereafter, a notice appeared in the *Fulton County Daily Report* announcing that the action involving Summerour and Bradhill would be heard on Thursday, June 19, 1980. On August 8, 1980, the court entered a judgment against defendant in the sum of $8,916.83. It asserted that Bradhill had failed to answer the call of the calendar, that defendant's counsel had withdrawn from the case and that no other attorney had appeared. Apparently unable to collect from Bradhill in Georgia, plaintiff's lawyer in New York proceeded to docket the judgment in the New York County Clerk's office. Defendant was notified of this action and, on June 25, 1981, Bradhill moved to vacate the judgment. According to defendant, it had not been informed of the withdrawal of its Georgia attorney and therefore did not have sufficient time in which to obtain substitute counsel before the commencement of trial. In addition, the judgment was on default and thus should not have been filed in New York (CPLR 5402, subd [a]). Special Term, in granting the motion to vacate, stated that "the judgment was obviously procured by reason of movant's default in appearance, and said judgment should not have been filed in New York". CPLR 5402 (subd [a]) provides that an authenticated foreign judgment which was not obtained by default in appearance or by confession of judgment may be filed in any New York State county clerk's office. In the instant matter, the defendant appeared in the State Court of Georgia by submitting an answer and even litigating the issue of jurisdiction. While the Georgia judgment may have been based upon a default arising out of Bradhill's neglect in responding to a calendar call, there was certainly no "default in appearance" within the contemplation of the statute (CPLR 5402, subd [a]). Once jurisdiction is conferred, it is not divested by the failure of a party to appear in the later stages of the proceeding. (*Lynde v Lynde,* 162 NY 405, affd 181 US 183; *L & W Air Conditioning Co. v Varsity Inn of Rochester,* 82 Misc 2d 937, affd 56 AD2d 735; *Overmyer v Eliot Realty,* 83 Misc 2d 694; see, also, *Matter of Sutera v Sutera,* 1 AD2d 356.) Having appeared in Georgia in connection with the action there, the defendant may not now challenge in New York either the jurisdiction of the Georgia court or the default itself. Since defendant has not demonstrated that the Georgia judgment was procured in violation of any due process requirements or was the result of fraud, Special Term committed error in granting the motion to vacate the judgment. Concur — Kupferman, J. P., Carro, Asch, Milonas and Alexander, JJ.