**Richard RUBENS and Barbara Rubens, Plaintiffs,**

v.

**SCHINE, JULIANELLE, KARP, BOZELKO & KARAZIN, P.C. and Robert Julianelle, Defendants.**

No. CV 92–3270.

United States District Court, E.D. New York.

March 5, 1993.

Richard Rubens & Barbara Rubens, pro se.

Edwards & Angell by Ira G. Greenberg, New York City, for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Richard Rubens and Barbara Rubens, plaintiffs *pro se* in the above-referenced action, brought suit against the law firm of Schine, Julianelle, Karp, Bozelko, and Karazin P.C. and Robert Julianelle individually ("defendants") seeking money damages for an alleged abuse of process in the procurement of a Connecticut State Court judgment. Plaintiffs also request that this Court preliminarily enjoin defendants from executing on their judgment. Currently before the Court is defendants' motion to dismiss on the grounds that this Court lacks subject matter jurisdiction to enjoin execution of the state judgment and is barred by the doctrine of collateral estoppel from reconsidering whether the Connecticut judgment was fraudulently obtained. Alternatively, defendants urge that with proceedings continuing in state courts, this Court should stay this action based on comity. Because this Court finds that it lacks subject matter jurisdiction and that the doctrine of collateral estoppel or issue preclusion applies, defendants' motion is granted.

## I. BACKGROUND

In May 1986, defendants provided legal services for plaintiffs' corporation. Defendants rendered bills for their legal services in the amount of $17,000. Plaintiffs refused to pay the bill claiming that defendants provided inferior services. In April 1988, defendants sued plaintiffs in Connecticut state court to recover their fees. Plaintiffs appeared in that suit and on January 10, 1989 moved to dismiss the case. This motion was returned by the Connecticut court because both plaintiffs did not sign the motion as is required by Connecticut law. Plaintiffs thereafter signed the motion and resubmitted it to the Connecticut court.

Plaintiffs claim that they received no further notices regarding the Connecticut case and assumed that defendants had abandoned their case. Evidently, plaintiffs' assumption was incorrect because on January 4, 1990, the Connecticut court entered a default judgment in the case. Plaintiffs allege that they received no notice of this default judgment. On June 27, 1990, defendants domesticated the Connecticut judgment in the New York Supreme Court. On February 21, 1991, plaintiffs received a notice of execution from

the Sheriff of Suffolk County against their Southampton residence based on the New York judgment.

On February 27, 1991, plaintiffs moved the Connecticut court to re-open the original judgment. Plaintiffs argued that the judgment was fraudulently obtained because defendants never gave plaintiffs proper notice of the proceeding. The Connecticut court denied plaintiffs' motion because it was untimely made. It also denied plaintiffs' June 18, 1991 motion to reargue the February 27, 1991 motion. On February 28, 1991, plaintiffs moved by order to show cause before the New York Supreme Court to have the Connecticut judgment declared void and unenforceable because of alleged fraud in its procurement. The New York Court denied plaintiffs' motion stating that it was required to give full faith and credit to any foreign judgment unless such judgment was obtained by default in appearance. The New York court found unavailing plaintiffs' contention that they failed to defend the Connecticut case because of defendants' failure to give them proper notice of the court proceedings. According to the New York court, "[o]nce jurisdiction is conferred it is not divested by defendants' failure to appear at a later proceeding." Plaintiffs are prosecuting an appeal of the New York Supreme Court decision.

Plaintiffs' present federal court action raises claims for misrepresentation and abuse of process. In addition to monetary damages, plaintiffs seek to have this Court preliminarily enjoin defendants from executing on their state judgment.

## II. DISCUSSION

■ Plaintiffs' abuse of process and misrepresentation claims must be dismissed. Both claims hinge on defendants' alleged fraud in the procurement of the state court judgment. Because the New York Supreme

Court has already determined that the Connecticut judgment was not fraudulently obtained, plaintiffs are now precluded from relitigating the fraud issue in this later action.

■ Collateral estoppel or issue preclusion applies when there is an identity of issue between a prior and later action. The issue to be precluded must have been actually litigated and decided in the prior action. Moreover, the issue must have been necessary to the prior court's judgment and there also must have been "a full and fair opportunity to contest the decision said to be controlling." *Owens v. New York City Hous. Auth.*, 934 F.2d 405, 409 (2nd Cir.1991) (quoting *Schwartz v. Public Admin.*, 24 N.Y.2d 65, 298 N.Y.S.2d 955, 960, 246 N.E.2d 725, 729 (1969)).

Here, the absence of fraud has already been established. Under section 5401 of the N.Y.Civ.Prac.L. & R., a sister state's judgment is to be accorded full faith and credit only when defendants have appeared in the prior action and there has been no fraud in its procurement. In their order to show cause before the New York Supreme Court, plaintiffs argued that the Connecticut judgment should not be given full faith and credit because it was obtained by fraud. The New York Supreme Court denied plaintiffs' motion relying on *Summerour & Assoc. v. Bradhill Indus.*, 91 A.D.2d 902, 457 N.Y.S.2d 524 (1983). In *Summerour*, the court held that in the absence of fraud, once jurisdiction is conferred it is not divested by defendant's failure to appear in a later proceeding. Thus, by affording the Connecticut judgment full faith and credit, the New York Supreme Court necessarily found that defendants did not fraudulently obtain the Connecticut judgment.[1]

Because the New York Supreme Court has already necessarily determined that defendants did not engage in fraud, this identical issue may not be relitigated in this action. Plaintiffs had a full and fair opportunity to

---

1. The New York Supreme Court's opinion denying plaintiffs' order to show cause does not explicitly state that it found that defendants did not perpetrate any fraud in the procurement of its Connecticut judgment. Rather, the court in its rather summary opinion merely stated that "[o]nce jurisdiction is conferred it is not divested by defendants' failure to appear at a later pro-

ceeding." However, the cases that the New York court relied on in support of this contention all stand for the proposition that in the absence of fraud a failure to appear in a later proceeding is not tantamount to a default in appearance. Moreover, the whole tenor of plaintiffs' argument before the New York court revolved around the fraud issue.

present their case to the New York Supreme Court. That court rejected their argument. Because fraud is a necessary element of plaintiffs' present monetary actions, the doctrine of collateral estoppel or issue preclusion mandates their dismissal.

Plaintiffs also request that this Court preliminarily enjoin enforcement of defendants' judgment because it was initially obtained through fraud. Again, issue preclusion prevents this Court from re-examining whether the Connecticut judgment was fraudulently obtained. Moreover, if plaintiffs are unsatisfied with the result obtained in the New York Supreme Court their recourse is to appeal that decision in the state courts. Federal district courts cannot exercise appellate jurisdiction over state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Accordingly, plaintiffs' request for a preliminary injunction must also be dismissed.

### III. CONCLUSION

For the above-stated reasons, defendants' motion to dismiss is hereby granted.

SO ORDERED.